### PETERS *vs.* SANFORD & READ.

Where the plaintiff sold property to a firm consisting of two partners, and took the
individual note of one of them for the price, payable to his order, which he endorsed
and procured to be discounted, and the holder, after it became payable, sued and
recovered judgment against maker and endorser, which judgment was paid by the
plaintiff; *held,* that the plaintiff could not maintain an action for goods sold,
against the partners, the original cause of action being merged in and extinguish-
ed by the judgment, nor for money paid, the maker only being liable to such action.

ASSUMPSIT, tried at the Delaware circuit in June, 1844, be-
fore RUGGLES, C. Judge.   The declaration, besides the common
money counts, contained a count for goods sold and delivered,
and the defendants pleaded *non assump*.   On the trial it was
admitted that there was a balance due the plaintiff for wool sold
to the defendant Read, on the 29th day of August, 1842, of
$300, for which sum Read, on that day, made his note payable
to the order of the plaintiff at the Delaware Bank, which note
the plaintiff received, and after endorsing it, procured it to be
discounted by the bank at which it was payable ; that when the
note became due it was renewed by another note made by Read
and endorsed by the plaintiff, for the same amount ; that the
last mentioned note not being paid at maturity, the plaintiff and
Read were prosecuted thereon to judgment by the bank, which
judgment was paid by the plaintiff, Read having prior to that
time failed.   The plaintiff then offered to prove that the defen-
dants were partners in the purchase of the wool for which the
first note was given, and that the same was purchased by Read
on partnership account.   The counsel for Sanford (who alone
defended) objected to this evidence, and the circuit judge sus-
tained the objection.   The plaintiff then gave evidence to show
that Read procured the renewal, after the first note had lain
some time under protest, and that he paid the expenses on the
old and the discount on the new one.   It appeared, however,
that the plaintiff procured the first note to be discounted and
received the money.   The plaintiff then renewed his offer to
show that the wool was purchased for the copartnership, and

the defendant again objected. The judge ruled as before, stating, however, that he would receive evidence to show why the note was made by one of the partners; but no such proof being giv en, the evidence first offered was rejected—the judge holding that the giving of the note by one of the partners, the transfer of it to the bank, and the obtaining of judgment thereon, precluded the plaintiff from recovering upon the original transaction; and he accordingly, on the motion of the defendants' counsel, nonsuited the plaintiff. Exceptions were duly taken to the several decisions of the circuit judge, and the case was brought before the court on a bill of exceptions.

*J. Palmer,* for the plaintiff, cited *Cole* v. *Sackett,* (1 *Hill,* 516;) *Waydell* v. *Luer,* (5 *id.* 448;) *Pierce* v. *Kearney,* (*Id.* 82;) *Moss* v. *McCullongh,* (*Id.* 131.)

*B. F. Rexford* referred to the cases cited in 5 *Hill,* 131 *and* 85; and to *Robertson* v. *Smith,* (18 *John. R.* 459;) and *Ward* v. *Johnson et al.* (13 *Mass. R.* 148.)

*By the Court,* JEWETT, J. Assuming that the defendants were partners in the purchase of the plaintiff's wool, and as such jointly liable for the payment of the price, still this action cannot be sustained. The plaintiffs accepted the individual note of Read as a security of the payment of that debt, he transferred the note by endorsement, and it not being paid at maturity, he as endorser and Read the maker, were sued upon it and judgment was recovered against them. It is well settled, that if a judgment be obtained against one of several joint contractors, in a separate action against him on such contract, the plaintiff cannot afterwards proceed against the parties omitted, and consequently loses their security. It is not necessary that satisfaction should follow the judgment, to work an extinguishment or merger of the liability of the joint contractors; the judgment performs that office. It cannot vary the principle, that this suit was brought and judgment obtained in the name of the holder, or that the plaintiff was made a defendant with Read. The

right of action for the recovery for wool sold and delivered, is as effectually extinguished by the note and judgment upon it, as it would have been if the plaintiff had obtained a judgment on the note in his own name.    The plaintiff could not sustain an action against Read, either for wool sold or upon the note.    The judgment extinguished his right of action upon both.    Having paid the judgment, his remedy is by an action against Read for money paid; but he cannot maintain such an action against Sanford, who was at no time liable to the plaintiff, except in assumpsit for wool sold and delivered; and his right of action against both defendants for that cause is merged in and extinguished by the judgment.    The nonsuit was properly granted.    (*Robertson* v. *Smith and others,* 18 *John. Rep.* 459; *Moss* v. *McCullough,* 5 *Hill,* 131; *Pierce* v. *Kearney, Id.* 85.)

New trial denied.