## SUPREME COURT.

### THE PEOPLE agt. CRAM AND WHITE.

Whenever a plaintiff establishes a cause of action against one or more of the defendants, in an action for a tort, or upon contract, and it appears in the latter case, that the other defendants were *not joint* contractors or *jointly* liable, he is entitled to a judgment against those against whom he established his cause of action.

So held in an action upon a joint and several bond executed by the defendants to the people, under the excise law.

*Niagara General Term, February* 1853. MARVIN, TAGGART and MULLETT, *Justices.* The action is upon a joint and several bond in the penalty of $125, purporting to have been executed by the defendants to the plaintiffs, dated May 5, 1851. It was recited in the condition of the bond that Cram had applied to the commissioners of excise of the town of Lockport for a license to sell strong and spirituous liquors as a grocer. It contained the usual condition. On the trial the plaintiffs proved the execution of the bond by defendant White, and that it was delivered to the commissioners on the day of its date, by a clerk in the employ of Cram, and the commissioners gave to him a license in the form prescribed by statute.

The plaintiffs proved a breach of the condition of the bond, to wit, the selling of strong and spirituous liquors in the shop of Cram to be drank therein, &c., " and all other facts necessary to support the issue on the part of the plaintiffs, were proved and admitted, except that it was not proved or admitted that Cram signed the bond, or that. he authorized or subsequently ratified

the execution thereof." The defendant offered no evidence. The plaintiffs claimed they were entitled to a verdict against White, the bond being joint and several, although they had failed to prove the bond executed by Cram. The court decided, that the action being founded on contract, and two defendants sued thereon, no judgment could be rendered against one, unless sufficient proof was given to authorize judgment against both, and nonsuited the plaintiffs, and the plaintiffs excepted.

J. L. Bush, *for Plaintiffs*.

N. Dayton, *for Defendants*

By the Court, Marvin, Justice.—The defendants' counsel now insists that the action is not properly brought in the name of the People; that it should have been in the name of the overseers of the poor, or in the name of the supervisor of the town, or by the county superintendent of the poor. Various provisions of the Revised Statutes are cited. If this objection is well taken it is fatal to a recovery, and for that reason it may be taken upon the argument here, though it was not raised upon the trial. In my opinion the objection can not be sustained. The bond is given to the People of the state of New York. It is a general rule that the action must be in the name of the party to the contract.

It is also objected that the bond is void as unauthorized by the statute, upon the ground that it did not appear on the trial that the applicant, Cram, executed the bond. This objection was not taken at the trial; and as it may be obviated upon another trial, it ought not now to prevail. It appears from the bill of exceptions that the bond was delivered to the commissioners *apparently* executed by the applicant Cram. No evidence was given, however, that it was executed by him. Should it be necessary it may be that this evidence can be supplied upon another trial. I shall not, therefore, at this time consider this objection. Again, quere, whether under the circumstances disclosed, the defendants should not be estopped from denying the execution of the bond? But I express no opinion upon these questions. This brings us to the question passed upon by the learned judge at the circuit. He held that as the action was

founded upon contract, and the defendants were sued jointly, no judgment could be rendered against one of them, unless sufficient proof was given to authorize judgment against both, he directed a nonsuit or discontinuance.

This decision is in accordance with the law as it existed prior to the Code. The general rule was that in actions upon contract the plaintiff must establish a joint cause of action against all the defendants, and if he failed to do so he was nonsuited.

Has this rule been changed or modified by the Code? The decision of this question involves the construction of certain provisions of the Code, particularly section 274. There have been great difficulties in construing and applying this. section and section 397 as it was in the Code of 1849, relating to the examination of parties in behalf of their coplaintiffs and codefendants, and the decisions are conflicting.

It is declared in section 274 that "judgment may be given, for or against one or more of several plaintiffs, and for or against one or more of several defendants; and it may determine the ultimate rights of the parties on each side as between themselves."

This is the language and entire section of the first Code. *I note this here.* We shall have occasion, in the proper place, to consider the subsequent additions to the section. The commissioners in their first report, page 194, speaking of the section as here quoted, say: "The object of this section is to prevent a failure of justice where there happens to be too many or too few parties brought into court. The questions arising on the *nonjoinder* and *misjoinder* of parties are the cause of much delay, vexation and disappointment, resulting not unfrequently in an entire failure of justice. This section will prevent them hereafter." This language, and the provision to which it related, are clear and explicit, and can there be any doubt that they were intended to apply to a case like the present, and to all cases where there are too many or too few parties?

By the amendments of 1849, certain additions were made to this section. The first and only one now material to consider is, "In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving

the action to proceed against the others, *whenever a several judgment may be proper.*" Has this addition qualified the original previous matter in the section, and if so, how? It has been supposed that this amendment or addition of 1849 has qualified and limited the original provision (see Fullerton agt. Taylor and others, 6 *How. Pr. R.* 259).

It will be noticed that the section, as originally adopted, authorized the court to give judgment for or against one or more of several plaintiffs, and for or against one or more of several defendants; but there was no provision for *severing the trial* in an action against several defendants; in other words, there was no authority for proceeding in the trial of the action against one of the defendants, leaving the action as to the other defendants to be tried at another time. Under the system superseded, this was allowable, and the practice in certain cases. In an action against the maker and the endorser of a note, or drawer, endorser and acceptor of a bill of exchange, the plaintiff could try his cause against one of them, leaving the action against the other party to be tried at another time. I have supposed that this addition or amendment embraced this class of cases and that the qualification, " whenever a several judgment may be proper," is limited to the cases provided for in the amendment in which the court is authorized to sever the trial. This restriction or limitation so applied is very proper. Under the old system, the plaintiff could not try his action against one of the makers or one of the acceptors, and subsequently proceed against the other maker or acceptor. He could not have judgment against one of the makers or acceptors only; having charged them as joint makers or joint acceptors, he must establish a joint cause of action and recover against all those charged upon a joint contract at the same time, unless one of them had a defence personal to himself, as infancy, a discharge in bankruptcy, &c.

A several trial and judgment were, before the Code, proper in an action against maker and endorser and the like, and by the amendment of 1849 they are now proper. But a several judgment against *joint* debtors or contractors, not by their contract *severally* liable, was not proper, nor is it now. If it is conceded that the defendants are *jointly* and not *severally liable* under

The People agt. Cram and White.

their contract, there is now no authority to render a several judgment against one. It is the right of those who are joint debtors *only*, to be sued jointly, and when so sued, in case they are liable, that a joint judgment be rendered against them; and it was not intended by the Code in giving the court power, to give judgment " against one or more of several defendants," to change this legal right (see opinion of Justice PARKER in Selkirk agt. Waters, 5 *How. Pr. R.* 298, in which I fully concur).

Most of the cases in which section 274, touching the giving of judgments, has undergone consideration, have arisen under section 397, relating to the examination of coplaintiffs and codefendants as witnesses.

In Parsons vs. Pine (3 *Code R.* 178), Justice SHANKLAND, remarking upon section 274, says: " There can not be a doubt, therefore, that it is no longer necessary to nonsuit a plaintiff because he has made too many defendants in his action on contract, or if too many are made coplaintiffs in any action, whether of contract or for wrongs." In this position I fully concur.

In Albany Mechanics' and Farmers' Bank agt. Rider (5 *How. Pr. R.* 401, decided at May general term, 1851), Justice HARRIS refers with approbation to the opinion of Justice SHANKLAND upon the question we are now considering, and says, " judgment may be rendered in favor of one defendant and against another, and that too whether the action is for a tort or upon a contract." In *an action* upon a joint contract it may well happen that the plaintiff may recover judgment against one of the defendants and not against the other." I do not, however, understand the learned justice as intimating that, when the defendants *are jointly* and *not severally liable*, a judgment can be rendered against one alone.

In Selkirk agt. Waters and others, decided in March 1851 (5 *How. Pr. R.*), Justice PARKER says, " even in an action upon a joint contract, I think one defendant is a competent witness in behalf of his codefendant, to prove any defence of which his codefendant may avail himself separately, as bankruptcy, infancy, &c.; because on such a defence, though the contract was joint, the codefendant may have judgment in his favor, and judgment may be rendered against the defendant called as a witness."

The above cases as to the admission of a codefendant as a witness, is in conflict with Munson agt. Hagerman and another, 5 *How. Pr. R.* 223., decided at general term, Nov. 1850. Justice GRIDLEY, who wrote the opinion, does not consider the question arising under the 274th section, as to rendering judgment against one or more of the defendants. In the present case the question is not touching the admission of a codefendant as a witness.

Ladue vs. Van Vechten, 8 *Barb. S. C. Rep.* 664, decided at the April general term, 1851, in this district, is in point. The whole question was much and carefully considered. The action was upon a joint and several promissory note, and one defendant offered his codefendant as a witness. It was held that he ought to be admitted. The question arose under section 397, but section 274 was very properly and necessarily considered.

After remarking upon section 274, the learned and lamented Justice SILL propounded the question, can a judgment be properly entered in this case (the proof justifying it) in favor of one defendant and against the other? and he proceeded to say that section 136 answers the question. By the 3d subdivision of that section it is declared " if all the defendants have been served, judgment may be taken against any or either of them *severally*, when the plaintiff would be entitled to judgment against such defendant or defendants if the action had been against them or any of them alone." Such was the present case; the bond was joint and several, and its execution was proved by one of the defendants.

In Ladue vs. Van Vechten, I concurred in the result without being prepared to concur in all the views taken by my learned brother.

The defendant in the present case relies upon Fullerton agt. Taylor and others (6 *How. Pr. R.* 259). In that case the action was upon a joint contract against three defendants for work, &c. The referee reported that the work was not done for all the defendants, but for one of them, and judgment was rendered against that one. A motion was made to set it aside, and Justice ALLEN at special term, 1851, granted the motion. The case is not precisely in point, though much of the reasoning of the learned judge is adverse to a judgment in this case. He held that the first

paragraph of section 274 (all of the original section) is qualified and restrained by the latter words in the provision added in 1849, authorizing the rendition of a judgment against one defendant and leaving the action to proceed against others *whenever a several judgment may be proper;* that as the Code has not declared when a several judgment may be proper, it is to be settled by the former practice. He then refers to the cases when, under the old practice, judgment might be rendered against one of the defendants, joint contractors, and in favor of the other, as where a personal defence, infancy, &c., was established, and also actions against the several parties to promissory notes, and he adds that "Perhaps this class of cases might under the Code be held to include actions upon contract, joint and several by its terms, and which the plaintiff might have treated as joint or several, and brought his action against one or all of the contracting parties at his election." Entertaining great respect for the opinions of the learned justice, still I am not able to agree with him; for the reasons heretofore suggested. I submit that his construction of the amendment of 1849 completely nullifies the original section. Such construction, as I have endeavored to show, is not necessary. The words " whenever a several judgment may be proper," may well be satisfied by limiting them to the subject of the amendment which provides for the *severance* of trial in the discretion of the court, when a several judgment may be proper. *This was not before provided for.* The court is not authorized to sever the trial against defendants who *are joint debtors, jointly* and not severally *liable,* as in such case a several judgment would not be proper.

If the learned justice runs out the principle to which he refers, it will include the present case; for by that principle, if the action was against two upon a joint and *several* contract, the plaintiff must establish a joint cause of action against both or he was nonsuited in the same manner as he would have been had he declared upon a contract *joint* only.

The question decided in Fullerton agt. Taylor, was adverted to in Ladue vs. Van Vechten, where Justice SILL says: "I am not speaking of cases where defendants *are charged* as jointly liable in the complaint, and the plaintiff fails to prove a joint

liability, or the defendants disprove a joint interest in the matter of the litigation.   When a misjoinder is thus established, it is not necessary to say that the defendants can not testify for each other."

No doubt is here intimated but that in an action on contract, where a cause of action was established against one of several defendants charged jointly, a judgment might be given against that one.   The question reserved was whether the defendants in such a case can testify for each other.

By adverting to section 136 it will be seen that when the action is against two or more, and the summons is *served* on only a part of the defendants, the plaintiff, if the action be against the defendants *jointly indebted* upon contract, may proceed, &c. This provides for a case of *actual joint indebtedness.*   The 2d subdivision provides for cases where the defendants are *severally* liable, and only a part served; and the 3d subdivision provides for cases where all the defendants are served and it declares that " judgment may be taken against any or either of them severally, when the plaintiff would be entitled to judgment against such defendant or defendants, if the action had been against them or any of them *alone.*"   Now it seems to me that it can not be denied, that if in Fullerton agt. Taylor *and others,* the action had been against Taylor alone (the defendant, for whom the referee says the work was done), the plaintiff would have been entitled to judgment.

The learned justice does not in his opinion refer to the provisions of section 136.

In my opinion whenever a plaintiff establishes a cause of action against one or more of the defendants in an action for a tort, or upon contract, and it appears in the latter case, that the other defendants were not joint contractors or jointly liable, he is entitled to a judgment against those against whom he establishes his cause of action.   There should be a new trial in the present case, costs to abide the event.