By the Court. Hoffman, J.
The action is to recover the sum of $15,271 33, with interest, for advances and disburse *253 ments made at New Orleans, by the request of the defendants, in establishing and putting into operation two brick machines.
Two distinct accounts are produced in evidence. One relates to the first machine for making bricks, the other to the second. The latter will be first referred to.
I. This account, as to the second machine, begins January 3d, 1833, and closes 12th of June, 1833, with a balance of §4,153 3 L of debits, and this is closed by a credit of two drafts on S. Yernon, of Newport, for §4,350 94, exchange and interest being deducted, §198 69.
The account is carried on at folio 172 (a confusing transposition in printing), when the drafts are re-charged under date of July 13, 1836, with interest. Certain other small charges are added of about §226, and the account ends (with §810 96 of interest added) in a balance of §5,290 65.
This account was the subject of an action brought by Gale, assignee of the plaintiff, in Rhode Island, against P. II. Yernon, one of the partners, singly. The judgment was for the exact amount of the drafts, $4,350 94.
It is insisted that the evidence of Knowlton raises a case fit to go to the jury, whether the defendants had not undertaken to pay all expenses attending the trial of the second machine • and Millandon proves expenses (if his evidence is admissible) for the second and third trial, of $1,751.
It is certain, however, that Gale opens an account for this second machine with P. H. Yernon, and brick machines only, and other evidence tends to show that he looked to him only.
The questions are rendered unimportant by the effect which the law gives to the judgment obtained in Rhode Island. This was obtained against Philip H. Yernon, in November, 1833, upon the identical debt incurred for the second machine. Yer-non was a partner, in the firm now sought to be charged on this account; and so the question distinctly arises as to the force of that judgment.
The authorities are decisive that a judgment obtained on a note, given by one partner for a joint liability, extinguishes the demand. If the case of Peters v. Sandford, 1 Denio, 224, is not overthrown, this is unquestionable law. The suit in *254 Rhode Island was upon P. H. Vernon’s drafts on his father, S. Vernon, at Hewport.
The case of Waydell v. Luer, 5 Hill, 448, relied upon by counsel, was a case of a mere note given by one partner. It was held not to extinguish the joint liability. The case of a judgment on such a note is very different.
Roberts v. Smith, 18 John. R. 459, applied the doctrine of extinguishment of a joint responsibility by a judgment against some of the parties to the case of dormant partners. But relief probably could be had in equity. ( Watson v. Owen, 1 Rich. R. S. C. 111; Renny v. Martin, 4 John. C. R. 566.) See also Smith v. Black, 9 Serg. & Rawle, 142 ; Pierce v. Kearney, 5 Hill, 82.
We are clearly of opinion that the verdict cannot be interfered with, so far as this part of the case is concerned.
H. The other branch of the account relates to the expenses and advances connected with the first machine. There is not the slightest evidence to render the defendants liable for any part of this account except as to the item of $250. Indeed, this becomes the only question, in the whole cause, upon which a doubt can arise.
That item is sought to be supported by a letter of the defendants, of the 6th of February, 1830, engaging to be responsible, under certain conditions, for the expense of putting up the first machine, to the limit of $250. Other corroborative circumstances are referred to.
The judge, at the trial, excluded this evidence from going to the jury, “ unless the advances were proved to be made, in setting up the machine for Mr. Hearsey, as specified in the letter of the 6th of February, 1830.”
We have carefully examined this point, and are of opinion that there was not error in this ruling of the judge, and that the verdict cannot be interfered with .even upon this, the only question, in the case, of any difficulty.
The application for a new trial is denied with costs.