## SUYDAM v. BARBER et al.

The judgment of a sister State can have no greater effect here than belongs to it in the State where it was rendered.

A statute of Missouri providing that all contracts which by the common law are joint only, shall be construed as joint and several, and that suits may be prosecuted against any one or more of persons, otherwise liable only jointly, a judgment recovered there, in a suit against one only of three joint debtors, does not there discharge his co-debtors from their original obligation, and they cannot avail themselves of it as any merger or extinguishment of their liability when afterwards sued in this State.

APPEAL from the Superior Court of New York city. The action was for money paid by the plaintiffs upon two bills of exchange drawn on them by the defendants, who were partners under the firm of Barber, Girty & Doran, the plaintiffs having no funds of the defendants in their hands to pay the same. Girty only defended, and on the ground that the plaintiffs brought an action, against Barber alone, in the Common Pleas of St. Louis county, Missouri: recovered judgment therein (among other things) for the debt occasioned by the payment of the bills of exchange drawn by the defendants: and that afterwards such judgment was duly satisfied of record, and the debt, to recover which this action was brought, fully paid and extinguished. Upon the trial. before the late Justice OAKLEY, a jury having been waived the defendant read in evidence the record of the Missouri judgment referred to in his answer. The declaration therein, which was against Barber only, counted on promises made by the defendants to furnish the plaintiffs with money to take up bills of exchange (the same described in the complaint in this action) drawn by Barber, Girty & Doran, and accepted by the plaintiffs at the *defendant's* request and for his accommodation. There was an entry of satisfaction on the record upon the direction of the plaintiffs' attorney more than two years after judgment, and stated in

Suydam *v.* Barber.

the entry to have been made "upon a conditional compromise made by defendant giving $500 cash, and five notes for $500 each, pursuant to the terms and conditions of a bond of this date from William B. Barber to Suydam, Reed & Co."

The plaintiffs, under exception by the defendant, gave in evidence the bond referred to in the entry of satisfaction, which, after authorizing such entry of satisfaction, declared "the debt evidenced by said judgment still remains in full force until all the said five notes given by said Barber, with the interest thereon, shall be fully paid and satisfied; and the satisfaction of said judgment is in no wise a payment of said debt."

The plaintiffs proved these laws of Missouri:

"All contracts which by the common law are joint only, shall be construed as joint and several.

"In all cases of joint obligations and joint assumptions of copartners or others, suits may be brought or prosecuted against any one or more of those who are so liable."

The evidence being closed, the defendant's counsel moved that the complaint be dismissed upon the ground that the recovery of the judgment in Missouri against the defendant Barber, and the subsequent entry of satisfaction thereof by the plaintiffs, extinguished the indebtedness of all the defendants upon the bills set forth in the complaint. The judge so ordered, and the plaintiffs took an exception. The judgment was affirmed at general term, and the plaintiffs appealed to this court.

*A. J. Willard,* for the appellants.

*James C. Carter,* for the respondent.

JOHNSON, Ch. J. The plaintiffs were nonsuited at the trial upon the ground that the judgment, recovered in the State of Missouri, against Barber, in an action there commenced against him alone, merged and extinguished the

original demand of the plaintiffs against him and the other parties who are in this action joined as defendants with him.

This was the main and controlling ground of the judgment appealed from; for unless it can be upheld on this ground it is difficult to see how the mere formal satisfaction of the judgment against Barber, which appears, by the cotemporaneous bond referred to in the entry as the attorney's authority to satisfy, to have been founded on no actual satisfaction or extinguishment of the debt, but only upon a conditional compromise not shown to have been carried out, can be available to these defendants.

I shall assume, for the purpose of considering the question stated, that the suit brought against Barber in Missouri was founded, not upon a separate and special promise by him to repay to the plaintiffs the money which they should advance in paying the drafts of the present defendants, but upon the promise implied, by law, as to him and the other defendants, from the circumstance that the plaintiffs had, at their request and without funds furnished by them, advanced money to them by paying the drafts in question.

According to the common law of this State, a judgment against one of several joint debtors, obtained in an action against him alone, is a bar to an action against the others. (*Robertson* v. *Smith*, 18 *John.*, 459; *Pierce* v. *Kearney*, 5 *Hill*, 82; *Olmstead* v. *Webster*, 4 *Seld.*, 413.) It is held to be a bar upon the ground that, by the recovery of the judgment, the promise or cause of action, as to the party sued, has been merged and extinguished in the judgment "by operation of law, at the instance and by the act of the creditor." This is plainly founded upon the nature and force of a judgment under our law, and not upon the idea that the creditor is deprived of his right for any other reason than that by the first suit and judgment he has placed himself in a position where he is unable, legally, to assert or enforce his demand. We can easily conceive that the legislature might alter this rule, and enact that a judgment against one of several debtors should

have no such effect.   Such a law would be a mere modifica-
tion of the remedy afforded by our own legal process, and
would be within the legislative authority of the State.  These
observations are made as showing that the consequences of a
judgment, in respect to its effect as a merger or extinguish-
ment of the. original demand, are a part of the law under
which the judgment itself is rendered, just as much as are
.those other common consequences of judgments, that a party
may have execution upon them and that they are not reëxami-
nable on the merits of the controversy determined by them.

In all these particulars, the effect of a judgment, in the
government where it is rendered, is the subject of positive
regulation by that government, just as it is the subject of
positive regulation by what process and what courts judg-
ments shall be rendered at all.

The case of *Besley* v. *Palmer* (1 *Hill*, 482), is not at all in
conflict with these views.   In that case a judgment had
been recovered in Indiana, against L. P. Sanger, in a suit
on a note against him and two others, in which he alone
had been arrested, and the Supreme Court held that the
judgment extinguished the simple contract debt as to him.
Judge COWEN proceeds: " We are told this is the judgment
of a neighboring State.   But who can deny, since *Mills* v.
*Duryee* (7 *Cranch*, 481), and *Hampton* v. *McConnell* (3
*Wheat.*, 234), that a judgment in one of our sister States
must be holden to work the same effect upon the original
demand as if it were obtained in this court?   At least
the declaration shows no debt, valid within the attach-
ment law, against L. P. Sanger." The action was on an
attachment bond, and it was held that the attachment could
not be sustained because, first, judgments of other States
were not demands to which, as judgments, the terms of the
statute could be extended ; and, second, the contract of L.
P. Sanger was merged in the judgment against him.   The
court assumed that the law of Indiana did not, in this respect,
differ from the law of New York, as in the absence of proof

they were bound to do; and then applying the settled rule
that, under the constitution and laws of the United States,
the judgments of the courts of any State are to have in
every other State the same faith and credit which belong to
them in the State where they were rendered, the consequence
necessarily followed, that a merger had taken place as to L
P. Sanger.

While the rule just stated as to the effect of judgments
of one State in the courts of another is clear, as is established
by the cases cited by Judge COWEN, and by numerous others,
yet no case can be found where a greater effect is given to
the judgment of any State in the courts of another than
belongs to it in the State where it was rendered. Indeed,
such a rule would be against all reason, and not only out of
the policy of the provisions of the constitution and laws of
the United States on that subject, but against and irrecon-
cilable with all policy and with the plainest and funda-
mental principles of justice.

Now it appears, in this case, that by the statutes of Mis-
souri in force at the time when the suit was instituted;
which gives rise to the present question, it was enacted as
follows: "All contracts which by the common law are
joint only, shall be construed as joint and several.

"In all cases of joint obligations and joint assumptions
of copartners or others, suits may be brought and prosecuted
against any one or more of those who are so liable."

It was held in the Superior Court that, upon these statutes,
no merger or extinguishment would have taken place in
Missouri, so as to have there discharged the persons, other
than Barber, who were bound by the original obligation.
Of this we think there can be no doubt; for any other con-
struction would deprive the sections quoted of all beneficial
effect. We are, therefore, of opinion that the same effect.
only should have been given to these sections and the judg-
ment obtained in pursuance of them, in this action.

The only defendant appearing in this case is Girty. If he shall object that there is at least a merger as to Barber, against whom judgment has been rendered in Missouri, the answer is that under the Code, the joinder of a defendant, not liable at all in the action, is not a ground of defence to any one but the party not liable.

The judgment should be reversed and a new trial ordered, costs to abide the event.

COMSTOCK, DENIO, ROOSEVELT, PRATT and STRONG, Js., concurred.

HARRIS, J. (Dissenting.) The defendants are sued upon a copartnership contract. Such a contract is, at common law, joint and not several. If one copartner be sued upon such a contract, the nonjoinder of his copartner is an available ground of defence. He has a right to have the contract enforced against others who are jointly liable with him, as well as against himself. But he may waive this right by omitting to take the objection in the manner prescribed by law, and then judgment may be recovered against him individually upon the joint contract. The contract is thus merged in the higher security the plaintiff has obtained, and no further action can be maintained upon it. In a new action against the same defendant he might plead that his contract had been extinguished by the judgment recovered against him, and in an action against the other partner, he might defend himself upon the ground that the joint contract, upon which alone he was liable, had been extinguished by the recovery of a judgment against his co-contractor. These are elementary principles entirely familiar to every lawyer. They are examined very much at length in *Robertson* v. *Smith* (18 *John.*, 459). In that case, SPENCER, Ch. J., says, in reference to the effect of a judgment against one of several joint debtors, "whatever extinguishes or merges the debt as to one, merges it as to all." *Pierce* v. *Kearney* (5

*Hill,* 82); *Penny* v. *Martin* (4 *John. Ch.,* 566); *Peters* v. *Sanford* (1 *Denio,* 224) and *McMaster* v. *Vernon* (3 *Duer,* 249) are to the same effect. In *Peters* v. *Sanford,* JEWETT, J., says: "It is well settled, that if a judgment be obtained against one of several joint contractors, in a separate action against him on such contract, the plaintiff cannot afterwards proceed against the parties omitted, and consequently loses their security." The same doctrine has recently been asserted by this court in *Olmstead* v. *Webster* (4 *Seld.,* 413). In that case the action was brought against Webster and Rumsey for a copartnership debt. A judgment had before been recovered in another court against Rumsey alone for the same debt. Webster relied upon this judgment as a defence. GARDINER, J., in delivering the opinion of the court, says: "The only question is as to the effect of this judgment upon the rights of the plaintiffs. When the judgment against Rumsey was obtained, the cause of action against him and his copartner was merged. The judgment severed the joint liability of the defendants; and *either of them,* consequently, could plead it in bar of an action founded on the original promises."

It is very clear, therefore, that if the judgment against Barber had been recovered in New York, instead of Missouri, this action could not have been maintained. But by a statute of Missouri, the contract of the defendants, which by the law of this State is only joint, is declared to be both joint and several. Barber, therefore, when sued alone, could not avail himself of the nonjoinder of his copartners as a ground of defence. He was sued upon his several liability created by statute. But when the judgment was recovered against him upon his several liability, his joint liability was at an end. It was never pretended that where several persons are jointly and severally liable for the same demand, two actions can be maintained against each of them one upon his several and the other upon his joint liability. Being both jointly and severally liable, the creditor may

elect whether he will proceed upon the one liability or the other, but having elected, he must abide by such election. Had this suit, therefore, been brought in Missouri, I do not understand that it could have been sustained. The plaintiffs had abandoned their right to treat the defendants as jointly liable. Having obtained a judgment against Barber upon his several liability, they would have been obliged to pursue their remedy against the other defendants, if at all, in the same way. The recovery of the judgment against Barber would have been a bar to an action against all the defendants upon their joint liability. (1 *Chitty's Pl.*, 8*th Am. ed.*, 43; 1 *Saund.*, 291, *b*, *note* 4; *Streatfield* v. *Halliday*, 3 *Term R.*, 782; *Van Sant. Pl.*, 2*d ed.*, 170; *Bangor Bank* v. *Treat*, 6 *Greenl.*, 207.)

Nor is the recovery of the judgment against Barber any less available as a defence to the other defendants than to Barber himself. Though he is not now brought into court by the service of process upon him, still the action is against him as well as the other defendants. He, with them, is to be affected by the judgment to be recovered. Although one judgment has been recovered against him which has in form at least been satisfied, the object of this action is to recover against him a second judgment upon the same contract. This attempt was made in *Robertson* v. *Smith*, above cited, but without success. Two of four copartners had been sued and judgment recovered against them. A second action was commenced against all four of the partners upon the same contract. The defendants in the first action were not brought into court. The partner who had not been made a defendant in the first action, and who alone was served with process in the second suit, defended. The defence interposed by him was, that by the recovery of the judgment against two of his copartners upon the joint debt of the copartnership the contract was extinguished. Upon the question whether this defence was available to this defendant, SPENCER, Ch. J., said: "Where, as it respects

any of the defendants, the right of action is gone or suspended, their joint liability being at an end, *the other defendants* may avail themselves of this suspension or discharge, whether it be produced by the act of the party, or by operation of law at the instance and by the act of the creditor." (*Sunderland* v. *Loder*, 5 *Wend.*, 58; *Chapman* v. *Hatt*, 11 *id.*, 41.)

It may be said that the principle upon which this argument rests has its foundation in the fact that, at common law, in an action upon contract, the judgment must be recovered, if at all, against all the defendants, so that, if the plaintiff has already recovered judgment against any of the defendants for the same cause of action, there must of necessity be a second judgment against the same defendants; but that, under the existing system of proceedings in this State, no such consequence would follow. It is true that, even in an action on contract, "judgment may now be given for or against any one or more of several defendants." But I do not understand this provision of the Code to be applicable to a case like that now under consideration. Where, as in *Brumskill* v. *James* (1 *Kern.*, 294), two are sued as joint contractors, and upon the trial one establishes a personal defence, judgment may undoubtedly be rendered against the defendant proved to be liable, and in favor of the one not liable. *The People* v. *Cram* (8 *How. Pr.*, 151) is to this effect. In that case, the action was upon a joint and several bond, purporting to have been executed by both defendants, but upon the trial the plaintiffs failed to prove that it had been executed by one of the defendants. It was held that judgment might be rendered against the defendant who had executed the bond, and in favor of the defendant who had not. But in that case the court say, "A several judgment against joint debtors or contractors, not by their contract severally liable, was not proper before the Code, nor is it now. If it is conceded that the defendants are *jointly and not severally* liable under their contract, there is now

no authority to render a several judgment against one. It is the right of those who are *joint debtors only* to be sued jointly, and when they are sued, in case they are liable, that a joint judgment be rendered against them."

The case now in judgment is such a case: The defendants were all jointly liable upon their contract, and not severally. There has been no failure to prove a joint contract made by them all. But for the judgment recovered against one of them upon the same contract, a joint judgment must have been rendered against them all. The plaintiffs having, at their own instance and by their own act, procured a judgment against one of the defendants, upon their joint contract, have substituted such judgment as the evidence of their debt, in the place of the contract which is thereby extinguished. If, indeed, the contract of the defendants, made as it was in this State, and joint as it clearly was at the common law and by the law of this State, could, by the operation of the statute of Missouri and the action brought against one of the defendants in that State be so far changed as to render it not only a joint but a several contract, then I should be inclined to hold, though not without some hesitation, that while the recovery of a several judgment against Barber upon his several liability might be a defence to him in this action, judgment might still be rendered against the other defendants upon their several liability.

But I can attribute no such effect to the statute in question. This statute must be regarded as applicable to the remedy or mode of proceeding to enforce the class of contracts to which it relates. If it was intended to go beyond this in its operation, it is obviously unconstitutional. No one will claim that it is competent for the legislature of Missouri or of any other State to make a contract which the parties have made joint and not several both joint and several. But I suppose it is competent for any legislature to declare that in proceeding to enforce a joint contract the plaintiff may proceed against the joint contractors severally, and that

neither shall be at liberty to object, as a ground of defence, that his co-contractor has not been joined with him in the action. This is what I understand the legislature of Missouri to have done. It has legislated in reference to the remedies to be pursued in the courts of its own State, and not in reference to contracts made in other States. In this view the statute is constitutional. In any other view it cannot be constitutional.

Regarding the statute of Missouri in this light, as merely affecting the remedy in the courts of that State, it is very clear that it could have no effect upon the remedies of other States. The plaintiffs, now seeking a remedy in the courts of this State, must be content to have that remedy administered according to the laws of this State, irrespective of any different remedy which might have been applied under the laws of any other State. If they bring their action upon a contract which is joint and not several, they cannot have it treated as several as well as joint, because by the statute of Missouri it might be so treated. The contract being joint and not several, we have seen that it is merged, as to all the defendants, in the judgment against one of them.

Nor is there anything in the constitution of the United States or the laws of congress which requires that any other or different effect should be ascribed to the judgment recovered in Missouri. As evidence it is entitled to the same faith and credit as a domestic judgment. The record furnishes conclusive evidence of a debt due from the defendant to the plaintiffs, so that when sued upon it in any other State he could not go behind it, and litigate anew the cause of action upon which it is founded. Beyond this, it has no other validity or effect. (1 *Greenl. Ev.*, § 548, *McElmoyle* v. *Cohen*, 13 *Peters*, 312, 326; *Bank of the State of Alabama* v. *Dalton*, 9 *How. U. S.*, 522.) There can be nothing in the fact that, under the peculiar remedial law of Missouri, a several judgment has been recovered against one of the defendants, which makes it the duty of the courts of this

State to render a similar judgment against the other defendants.

We have then the case of an original cause of action, consisting of a contract upon which three persons are jointly and not severally liable: an action brought upon that contract against one of the joint contractors, and a judgment recovered in such action, thus merging the original cause of action; and now a second action brought against all the contractors upon the original contract which has been extinguished in the judgment against one of them. According to the law of this State, which must govern in the application of its remedies, such an action cannot be maintained.

There is yet another and, as it seems to me, an insuperable difficulty in the way of a recovery in this action. The plaintiffs have not only recovered a judgment against one of the defendants, thus merging their original demand, but that judgment is satisfied. It is discharged of record. The original debt, upon which this action is founded, is not only merged, but it is satisfied. The judgment being canceled can neither be enforced by execution, nor made the foundation of a new action against the defendants. If the obligations which the plaintiffs received in satisfaction of their judgment have not been discharged, their only remedy is by action upon those obligations. They have chosen to substitute these obligations against Barber alone, in the place of the judgment they had recovered, and the debt represented by that judgment. We have therefore a double merger—first, the joint indebtedness of the defendants is merged in the judgment against Barber, and then the substituted debt against Barber is merged in the new obligations received in satisfaction of the judgment.

The plaintiffs' counsel seeks to avoid the effect of the judgment, as a merger, as well as the satisfaction, by assuming that the judgment is to be treated as a collateral security to the principal debt. But there is no foundation for this position. The cause of action upon which the judgment was

recovered against Barber was the same as that upon which this action is founded. This is admitted. The several promise upon which the pleader counted in the action brought in Missouri is the same promise set forth in the complaint in this action construed according to the Missouri statute. There is no ground, therefore, for assuming that the Missouri judgment was recovered upon a distinct and independent contract to repay to the plaintiffs the amount of their advances for the defendants.

In any view which I have been able to take of this case, the plaintiffs fail to sustain their action. The recovery of the judgment against Barber, and the subsequent satisfaction of that judgment, completely extinguished the plaintiffs' cause of action. The judgment of the Superior Court should therefore be affirmed.

SELDEN, J., also dissented.

Judgment reversed and new trial ordered.