## NEW-YORK COMMON PLEAS.

GEORGE W. BENSON agt. NICHOLAS E. PAINE and EDWARD E. BARRETT.

A judgment against one of several joint debtors, though nothing is obtained upon it, is a bar to any future action thereafter, either against all the debtors or against any one of them. It cannot be maintained against any number less than the whole, for, as the obligation is joint, an answer setting up the nonjoinder of any of the parties to the contract will abate the action ; and it cannot be maintained against all, for a judgment having previously been recovered against one, he cannot, as long as it stands, be again charged in judgment for the same debt.

If the action is brought against any number short of the whole and no objection is taken by plea in abatement, the plaintiff will be deemed to have treated it and the court will give judgment upon it as the obligation only of the party or parties sued.

If the contract or obligation be several as well as joint, the plaintiff has his election to sue all the parties jointly or each of them separately. He may in such a case bring distinct actions against each of them, and a judgment without satisfaction against one will be no bar to an action against another, but, although he may maintain distinct actions against each, he cannot unite two in one action or any number short of the whole. He must either sue them altogether or each of them separately.

The case of *Drake* agt. *Mitchell* (3 *East*, 251) examined, and shown too erroneous and irreconcilable with cases subsequently adjudged in this state and in England.

The plaintiff loaned the defendants a sum of money. After the loan, he took from B., one of the defendants, his promissory notes, payable at different periods, as security for the loan. The notes, not having been paid, he sued B. upon the notes and recovered judgment for the amount of them. The judgment remaining unpaid, he sued the defendants upon the joint indebtedness. *Held*, upon demurrer, that he could not maintain the action.

*New-York Special Term, June*, 1859.

THIS was a demurrer to complaint.

DALY, First Judge. The plaintiff's case, as set out in his complaint, may be briefly stated. He loaned to the defendants, Paine and Barrett, $5,000, and after the loan took from the defendant, Barrett, his five promissory notes for $4,050, payable at different periods, as security for the loan. Barrett having failed to pay the notes, the plaintiff brought an action upon them and recovered judgment against Barrett. He now sues Paine and Barrett as jointly indebted to him in the sum of $4,050, the amount of the notes, and demands judgment against them for that amount, with interest. The defendants demur, and I think the demurrer is well taken.

It is well settled that the recovery of a judgment against one of several joint debtors, though nothing is obtained upon it, is a bar to any future action thereafter, either against all the debtors or against any of them. (*Robertson* agt. *Smith*, 18 *Johns.* 459 ; *King* agt. *Hoare*, 12 *M. & Welsb.* 494.) It cannot be maintained against any number less than the whole, for, as the obligation is joint, an answer setting up the non-joinder of any of the parties to the contract will abate the action.

(*Ascue* agt. *Hollingsworth, Coke, Eliz.* 494, 355 ; *Cabul* agt. *Vaughan,* 1 *Wm. Saund.* 291.) And it cannot be maintained against all, for a judgment having been previously recovered against one, he cannot, as long as it stands, be again charged in judgment for the same debt. (*Higgins' case,* 6 *Coke R.* 541 ; *Libby* agt. *Hodges,* 8 *Mod.* 541.) If the action is brought against any number less than the whole, and no objection is taken by plea in abatement, the plaintiff will be deemed to have treated it, and the court will give judgment upon it as the obligation only of the party or parties sued. (*Germon* agt. *Frederick, and Dixon* agt. *Bowman, cited in note* 4 *to Cabul* agt. *Vaughan,* 1 *Wm. Saund.* 319 ; *Rees* agt. *Abbott,* 832 ; *Libby* agt. *Hodges,* 1 *Str.* 533; 8 *Mod.* 166.)

But if the contract or obligation be several, as well as joint, as in a bond where the obligors bind themselves jointly and severally, the plaintiff has his election to sue all the parties jointly or each of them separately. He may in such a case bring distinct actions against each of them, and a judgment without satisfaction against one will be no bar to an action against another; but though he may maintain distinct actions against each, he cannot unite two in one action, or any number short of the whole. He must either sue them all together or each of them separately. (*Streatfield* agt. *Halliday,* 3 *T. R.* 782; *Year Book, vol. X,* 27 ; *H. viii,* 6 *pl.* 26 ; *Note to Cabul* agt. *Vaughan, supra.*)

This case is not strictly analogous to that of a joint and several obligation in which all the parties to the contract bind themselves both severally and jointly ; but a case in which one of two joint debtors gives, in addition, his individual obligation for the debt, and in support of the plaintiff's right, after recovering a judgment upon the individual obligation, to maintain an action against both debtors for the debt, due from them jointly, I am referred to *Drake* agt. *Mitchell* (3 *East,* 251). The case is certainly in point. One of three parties who were jointly bound upon a covenant gave his promissory note to the plaintiff in payment of his liability upon the covenant, and the note not being paid at maturity, the plaintiff recovered judgment against

him.   The plaintiff then sued all the parties to the covenant, and they pleaded the judgment against one of them in bar, but the plea was held bad.   Lord ELLENBOROUGH declared that he understood the principle *transit in rem judicatum* to apply only to the cause of action on which the judgment was rendered; thus distinguishing the note as constituting a distinct and different cause of action from that on the covenant, and GROSE, J., said that, not having been received in satisfaction, it could operate only as collateral security; that though judgment was recovered upon it, it had not produced satisfaction in fact, and that the plaintiff, therefore, might still resort to his original remedy upon the covenant.   I do not consider the reasoning of the court in this case satisfactory, or think that it is reconcilable with the principle recognized and acted upon afterward in the cases of *Robertson* agt. *Smith*, and *King* agt. *Hoare*, before referred to.   It is true that in those cases the judgment was recovered against one joint debtor, in an action upon the original contract; but, as will appear from the authorities already cited, the effect of bringing the action against him solely, and of the absence of any plea of non joinder, is treating it as his contract alone, and as such judgment is given upon it.   The principle upon which the cases of *Robertson* agt. *Smith* and *King* agt. *Hoare* rest is, that after judgment against one, another action cannot be brought upon the joint contract, as the effect of it would be to render two judgments against the same party for the same debt, and such was the result in *Drake* agt. *Mitchell*, by giving judgment against all the parties to the covenant after judgment was rendered against one of them upon a note given for the debt due by the covenant.   Such is the case here.   The notes given by Barrett were for the debt for which he is now jointly sued with Paine, and if judgment is given for the defendants here there will be two judgments against him for the same debt.   It cannot be, as Lord ELLENBOROUGH and the other judges, in *Drake* agt. *Mitchell*, supposed, that actual satisfaction is the test, and that, because the plaintiff has taken an individual obligation from one of the joint debtors he can have two judgments

against him for the same debt, one upon the joint and one upon the individual obligation. If satisfaction was the test and could alone constitute a bar, it would be a complete answer to the objections of the previous recovery of a judgment against one in an action against joint debtors that it had not, in the language of the court, in *Drake* agt. *Mitchell*, produced the fruit of a judgment—actual satisfaction. But it was deemed no answer in *Robertson* agt. *Smith*, which settled the law in this state, and the recovery of the judgment alone was held to be a bar, because it changed an indebtedness upon contract to a debt of record, and for the reason more fully given by Mr. Justice PARK, in *King* agt. *Hoare*, that one or two joint contractors cannot be twice troubled for the same cause ; that there could not be two separate judgments for the same debt, and that when judgment has been obtained for a debt, the right given by the record merges the inferior remedy by action for the same debt. Nor do I think that the distinction taken by Lord ELLENBOROUGH, that the covenant and the note constituted distinct causes of action, was a substantial one. The judgment upon the note was for the same debt, and to render another judgment against the same party upon the covenant was contravening the principle referred to. The fact is that the law upon this subject was not well understood, and had not been very distinctly defined, when *Drake* agt. *Mitchell* was decided. When the point came up for consideration in this state in *Robertson* agt. *Smith*, that a judgment against one joint debtor was an extinguishment of the right of action against the rest, there was a determination of the supreme court of the United States directly the other way. (*Sheehy* agt. *Mandeville*, 6 *Cranch*, 253.) And yet that decision, supported as it was by the weighty authority of Chief Justice MARSHALL, was, after full examination, deliberately disregarded ; and when *King* agt. *Hoare* was decided in England, so late as 1844, the *dicta* of numerous judges were cited against the proposition contended for, and the point was found to be so unsettled and doubtful upon the authorities as to draw from Baron PARKE, in delivering the judgment of the court, the

Benson agt. Paine.

observation that it was remarkable that the question had never been actually decided in England. If the law, then, was so obscure or unsettled upon this point, it may serve to explain why the judges in *Drake* agt. *Mitchell* thought in the case before them that nothing short of actual satisfaction would be a bar.

Separate judgment might be had against the maker and indorser of a promissory note, and against each of the parties to an instrument where they had bound themselves severally as well as jointly; but though each judgment is for the same debt it is against a separate person, and does not present what Chief Justice SPENCER, in *Robertson* agt. *Smith*, declared would be an anomaly in the law, and inconsistent with the notion of a correct and regular judicial proceeding, two judgments rendered against the same party for the same debt.

I have gone into this examination of the authorities, though there has been a recent decision in this state which is exactly in point—(*Peters* agt. *Sandford*, 1 *Denio*, 224)—because the case of *Drake* agt. *Mitchell* is relied upon here, and does not appear to have been considered, or to have been referred to, in the decision of that case. One of two partners purchased a quantity of wool from the plaintiff, for which he gave his promissory note. The plaintiff endorsed the note and passed it away, and not being paid at maturity, he and the maker were sued upon it, and judgment having been recovered, the plaintiff paid the judgment. He then sued both partners for the price of the wool, as purchased upon their joint account. But the court held, assuming that the defendants were partners, and were jointly liable in the purchase of the wool, that the judgment upon the promissory note given by one of them worked an extinguishment or merger of their liability upon the joint contract; that to extinguish the joint contract it was not necessary that satisfaction should follow the judgment, for the judgment performed that office. This decision is in direct conflict with *Drake* agt. *Mitchell*. It was a legitimate and logical deduction from the principle established by *Robertson* agt. *Smith*, and is decisive of the point in question. I might have

given judgment for the defendant upon the authority of this case alone, but as it is in conflict with *Drake* agt. *Mitchell*, and as the law was assumed by the court without adverting to the opposite ruling in that case, I felt called upon to give the question a more full and extended examination. Judgment is rendered for the defendant upon the demurrer.