MILTON SMITH AND MARY D. OSBORNE, AS ADMINIS-
TRATORS, ETC., OF THOMAS A. OSBORNE, DECEASED,
RESPONDENTS, *v.* CORNELIA A. KIBBE, APPELLANT.

*Joint accommodation maker—effect of a judgment recovered against him alone — it
is not affected by his death.*

October 27, 1874, Lucinda Bond and one Osborne, for her accommodation, exe-
cuted a joint promissory note, which was subsequently purchased from Mrs.
Bond by one Wilson with knowledge of the fact that Osborne was an accom-
modation maker. Thereafter Wilson brought an action on the note against
Osborne alone and recovered a judgment against him thereon on May 18, 1876.
Osborne died April 21, 1877, and thereafter the judgment was assigned by
Wilson to the defendant.

In this action, brought by Osborne's administrators to have the judgment vacated
and the estate released from all liability therefrom:

*Held,* that the entry of the judgment severed the joint liability of the makers of
the note, and that thereafter the judgment-debtor alone was liable therefor.

That the death of the debtor did not relieve his estate from liability upon the
judgment and that the action could not be maintained.

APPEAL from a judgment in favor of the plaintiff, entered in
Chautauqua county upon the report of a referee.

The action was brought to have the estate of the plaintiffs' intes-
tate declared absolved from all liability upon a note and a judgment
entered upon it, which was recovered against the deceased in his
lifetime, to wit, on the 18th day of May, 1876, in this court
for $306.72. The note, which was a joint one, was made on the
27th of October, 1874, by Lucinda Bond and Thomas A. Osborne,
the plaintiffs' intestate, who was an accommodation maker. Mrs.
Bond sold the note to George Wilson, who recovered a judgment
thereon against Thomas A. Osborne alone. Wilson knew when he
took the note that Osborne was an accommodation maker. Osborne
died intestate on the 21st of April, 1877. After that time Wilson
assigned the judgment to the defendant, who claims that the judg-
ment is valid and a lien upon the property of the deceased.

*H. C. Kingsbury,* for the appellant.

*A. A. Van Dusen,* for the respondents.

HARDIN, P. J. :

When the judgment was recovered against Osborne alone the creditor elected to treat him as the several debtor. Osborne made no defense. The judgment entered against him upon his joint note was valid as to him, though it may have been irregular and might have been set aside for such irregularity if a motion had been promptly made. (*Orleans Co. National Bank* v. *Spencer*, 19 Hun, 569; *Waggoner* v. *Walrath*, 24 id., 443; affirmed, 92 N. Y., 639.) Entry of the judgment severed the joint liability of the makers of the note and the judgment debtor became liable alone upon the judgment. (*Robertson* v. *Smith*, 18 Johns., 481.) As to the creditor the severance was perfect, and by his consent, and the debtor acquiesced in the same for nearly a year. (*Suydam* v. *Barber*, 18 N. Y., 468.) The merger took place by operation of law at the instance, and by the act of the creditor, and the judgment would have been a bar to an action against the other joint maker of the note. (*Suydam* v. *Barber*, *supra*, 470; *Peters* v. *Sanford*, 1 Denio, 224; *Olmstead* v. *Webster*, 4 Seld., 413; *Candee* v. *Smith*, *Exr.*, 18 Weekly Dig., 1.) As the judgment was prior to the Code of Civil Procedure, section 1278 does not apply. The creditor after taking such a judgment could not prosecute the other joint debtor. Defendant, by the purchase of the judgment recovered by Wilson, became the owner of a valid claim or debt against Osborne, to which he had for nearly a year in his lifetime omitted to make any defense or to in any manner question. Plaintiffs here ask to have the doctrine of *Risley* v. *Brown* (67 N. Y., 160); *Hauck* v. *Craighead* (Id., 433); *United States* v. *Price* (9 How. [U. S.], 83), applied to this case.

In all of those cases the liability of the surety was joint at the time of his death, and it was held his estate was discharged. Here the liability was severed, it was the deceased's sole liability that was established by the judgment, and his promise to pay the judgment which the law implies, was a several promise. In *Johnson* v. *Harvey* (84 N. Y., 366), the court expressed its indisposition to extend the rule beyond the cases quoted, and held that the death of a surety did not relieve his estate from a liability to contribute to his co-surety.

To hold that Osborne's death, after a separate judgment against

him, discharged his liability, would be to advance one step beyond any case to which our attention has been directed. (*Richardson* v. *Draper*, 87 N. Y., 346.) Of course, as this arose before the Code of Civil Procedure, section 758 has no application to the question before us.

We think the referee erred in holding as a matter of law that the plaintiffs were entitled to have the judgment held by defendant against their intestate " discharged and the lien and obligation of said judgment cancelled."

We must reverse.

BARKER and DWIGHT, JJ., concurred.

Judgment reversed and a new trial ordered before another referee, with costs to abide the event.