SMITH, Appellant, vs. CASSELL and another, Respondents.

*January 13 — January 31, 1888.*

### Judgment when all defendants not liable.

If, in an action against two defendants for goods sold and delivered, it appears that one but not both of them is liable, the plaintiff may have judgment against the one liable in the same manner as if the action had been against him alone.

APPEAL from the Circuit Court for *Milwaukee* County. The case is sufficiently stated in the opinion. The plaintiff appealed from the judgment entered on a verdict for the defendants.

*J. E. Wildish,* for the appellant.

For the respondents the cause was submitted on the brief of *Clark & McAuliffe.*

COLE, C. J. This is an action against the defendants for goods sold and delivered. Both defendants appeared and answered. At the close of the testimony the defendants asked the court to direct the jury to find a verdict in their favor, for the reason that the complaint was against them jointly, and there was no evidence to sustain a joint judgment. The court so directed the jury, and this ruling is the only point in the case which it is necessary to consider.

It may be admitted that the evidence failed to establish a joint liability. But there was abundant testimony that the defendant *Green* purchased the goods; indeed, the fact is not seriously denied. There was also evidence sufficient to carry the question to the jury, whether the purchase by

*Green* was not really for the defendant *Cassell*, who confessedly received the goods and paid whatever was paid for them; in other words, testimony to establish the relation of principal and agent between the defendants. If either case was sustained to the satisfaction of the jury, the plaintiff was entitled to a judgment against the defendant who was liable; for our statute provides that where the action is against two or more defendants jointly liable, and the summons is served on one or more, but not on all of them, the plaintiff may have judgment against all jointly indebted, to be enforced against the joint property of all or against the separate property of the defendant served. Or, where the defendants are severally liable, the plaintiff may have judgment against the defendant served, in the same manner as if such defendant were the only party proceeded against; and where all the defendants are served, judgment may be taken against any or either of them severally, when the plaintiff would be entitled to judgment against such defendant or defendants if the action had been against them or either of them alone. Sec. 2884, R. S.

It is obvious that the statute modifies the old common-law rule that, in an action on an alleged joint contract, the plaintiff must recover against all the defendants or be nonsuited. Where the contract was joint only, if the objection was properly insisted upon, there could be no recovery against one of the joint contractors, except in cases where the defense was personal as to the other defendants, as infancy, etc. But our statute expressly provides that when it appears on the trial of an action on contract or tort against several defendants sought to be charged as jointly, or jointly and severally, liable, that some are liable and others not, judgment may be rendered against those in fact liable to the plaintiff at the commencement of the action. Sec. 2885, R. S. So it is very clear that the ruling of the learned circuit court was erroneous, in view of these pro-

visions. The same construction was put upon a similar provision by the courts of New York, but the language of the statute is really too clear to admit of doubt as to its meaning. However, see, *Harrington v. Higham*, 15 Barb. 524; *Parker v. Jackson*, 16 Barb. 33; *Witherhead v. Allen*, 28 Barb. 662; *People v. Cram*, 8 How. Pr. 151; *Denson v. Paine*, 17 How. Pr. 407; Voorhies, Code, 420, cases referred to in note to subdivision 1. Therefore, it is apparent, if in this case either defendant was liable, the plaintiff was entitled to a judgment against such defendant in the same manner as if he had sued such party alone.

Without expressing any opinion upon the other points discussed by counsel, we reverse the judgment for the error above noticed, and remand the cause to the circuit court for a new trial.

*By the Court.*— Ordered accordingly.