## Elliot Anthony, Impleaded, etc., Plaintiff in Error, *v.* Ephraim Ward, Defendant in Error.

### ERROR TO COOK COUNTY COURT OF COMMON PLEAS.

Where there are joint defendants, and one files an affidavit of merits to a plea in his behalf, and the other defendant does not make affidavit, the Common Pleas Court of Cook county may default the party who has not verified, even at a future term, the suit being pending, on the issues of the other defendant.

THIS was an action in covenant commenced by the defendant in error, against Elliot Anthony, plaintiff in error, and one Julius C. Smith, to recover payment of an installment due upon certain articles of agreement, made between said Ward, of the first part, and Smith and Anthony of the second part.

July 15, 1858. Defendants filed plea of *non est factum*, in the usual form.

December 14, 1858, in the November special term, the cause was regularly reached upon the docket of said court, and came on for trial. Whereupon the said plaintiff, Ward, (defendant in error) made a motion, among other things, to strike the plea, filed by both defendants, on the 15th day of July, 1858, in this cause, from the files, and for a default, so far as the defendant, Elliot Anthony, was concerned, and by him pleaded; on the ground that the affidavit of merits, filed July 9, 1858, in this cause, was not made in behalf of both defendants; which affidavit is in the words and figures following:

JULIUS C. SMITH *et al.* }      *Cook Common Pleas.*
    *ads.*
EPHRIAM WARD. }

STATE OF ILLINOIS—COUNTY OF COOK, ss.

Julius C. Smith being duly sworn says, that he is one of the defendants in the above entitled cause, and that he has a good defense thereto, upon the merits, as he is advised and verily believes.

J. C. SMITH.

To which motion, the defendant, Elliot Anthony, objected, that said motion was made too late, and should have been made at the first term after the same was filed; but that the plea had been permitted to remain during some five terms of said court.

But the said court overruled the said objection, granted said motion, and ordered the plea of the defendant, Elliot Anthony, to be stricken out, and his default taken.

To which ruling and decision of the said court, the said defendant, Anthony, excepted.

And the cause was thereupon tried as to the other defendant, who did not appear, and damages assessed against said Anthony also; and judgment rendered therein against both defendants for the sum of one thousand nine hundred and sixty-four dollars and nine cents.

Anthony assigns for errors—

1st. The court erred in striking from the files, the affidavit of merits filed in this cause, after the lapse of several terms of the court below.

2nd. The court erred in striking from the files the plea filed in the court below.

3rd.   The court erred in taking the default of defendant below.

4th.   The court erred in rendering judgment for the plaintiff below.

Wherefore, for the errors aforesaid, and for other errors, the said plaintiff in error prays that said judgment may be reversed, etc.

ELLIOT ANTHONY, *Pro Se.*

H. C. KELLEY, for Defendant in Error.

BREESE, J.   The only question presented by the record in this cause is, did the court below err in striking the plea of plaintiff in error from the files, for want of an affidavit of merits, and not permitting certain pleas afterwards filed by him to stand.   The record shows a joint action against the plaintiff in error and one Smith.   On being called for trial on the 14th December, 1858, in the November term, 1858, of the Cook County Court of Common Pleas, the plaintiff moved the court to strike from the file the plea of plaintiff in error impleaded with Smith, which he had filed on the 13th of December, 1858, and for a default against him, for the reason that no affidavit of merits was filed with the plea.   There was an affidavit of merits filed by his co-defendant Smith, on the 9th July, 1858, and not on behalf of the plaintiff in error, and that the pleas of plaintiff in error of the 13th December were filed without leave of the court having been first asked and obtained, and after a long and unreasonable delay.   The affidavit of merits by Smith is personal to himself alone, with no reference or allusion to his co-defendant.

The plaintiff in error then filed his cross-motion that the pleas so filed be permitted to stand, and presented his affidavit stating in substance that he could make and file an affidavit of merits if his pleas were allowed to remain, and objected that the motion to strike his pleas from the file was too late—that it should have been made at the first term after the plea of July 15th, was filed.

The court overruled his objections, and refused leave to file the pleas of December 13th, and ordered that they should be stricken from the files, and his default entered for want of an affidavit of merits, and the damages assessed.

By the 14th section of the act regulating the practice in the Cook Circuit and Common Pleas Courts, it is provided that in all suits arising on contracts brought to any term of said courts, the plaintiff shall be entitled to judgment unless the defendant

shall with his plea, file an affidavit of merits, etc. (Scates' Comp. 272.)

The record shows no such affidavit by the plaintiff in error. Smith's affidavit cannot aid the plaintiff in error, for his merits may have been personal to himself. It often happens that one of several co-defendants has a meritorious defense, whilst the others cannot defend. The law requiring such affidavit, and the plaintiff in error not having made one, we do not see how he can escape the consequences.

As to the suggestion that the motion was not in time, that the motion for judgment for default should have been made earlier, we have to say, that the defendant in error cannot be prejudiced by not taking a default earlier, as such a judgment is interlocutory only and there was an issue pending with his co-defendant Smith, which had to be disposed of before final judgment could be entered against the plaintiff in error. Final judgment could not rightfully be entered until the issue was disposed of. *Teal* v. *Russell,* 2 Scam. R. 319 ; *McConnell* v. *Swailes,* ib. 571 ; *Dow* v. *Rattle,* 12 Ill. R. 373.

We see no error in refusing to permit the pleas filed in December to stand. That was a matter purely within the discretion of the court, and we cannot say he has abused that discretion. *Conradi* v. *Evans,* 2 Scam. R. 185. They were not accompanied by an affidavit of merits, and there was no leave to file them at that late day.

The judgment is affirmed.

*Judgment affirmed.*