Syllabus.

ALBERT W. JANSEN

v.

CORNELIA B. GRIMSHAW.

*Filed at Springfield June 15, 1888.*

1. JOINT OBLIGATIONS—*judgment against a part of the obligors, as a bar to a recovery aginst the others.*  A judgment against a part of several joint promisors or partners will be a bar to a subsequent recovery against one or all of the remaining joint contractors.

2. SAME—*practice—where some of the defendants withdraw their pleas, the pleas of others remaining.*  Where two of three defendants in an action *ex contractu* withdraw their pleas, the proper practice is to° enter their default, and it is error to enter final judgment against them until the cause is disposed of as to the third defendant, whose pleas remain in the record.

3. AMENDMENT OF RECORD—*at a subsequent term.*  After the adjournment of the term of court at which a judgment is rendered, the court may, at a second term, on notice, amend the record thereof in a merely formal respect, but after the term closes, the court has no power to vacate or set aside a judgment.

4. REMOVAL OF CAUSE—*from State to Federal court—remaining jurisdiction in the State court.*  Where a State court has ordered the removal of a cause pending therein to the Circuit Court of the United States, even though such order is erroneous, until the cause is remanded back the former court will have no power or jurisdiction to enter any order or judgment in the case.

5. SAME—*of proceedings after remandment.*  Where, at the same time and in the same order, judgment is rendered against two defendants by default, the entire cause is transferred to the Circuit Court of the United States on the application of a third defendant, the State court will have no power to vacate the judgment against the two defendants until the cause is sent back from the Federal court; but a motion to vacate such judgment on the first day of the next term after the cause is remanded back, will be in apt time, although an intervening term of the State court has passed.

6. PAYMENT—*by renewal of note.*  The giving of one promissory note in renewal of another does not necessarily operate as a payment.  In order to have that effect it must be so understood and intended by the parties.*

7. PRACTICE—*counsel reading and commenting on instructions, to the jury, in argument.*  While this court is not inclined to favor the practice of counsel in reading the instructions he proposes to ask, and commenting thereon, before the jury, in his argument, yet the court is not prepared to say there is error in allowing such course to be pursued.

*See, also, *Belleville Savings Bank* v. *Bornman et al.* 124 Ill. 200, and *Cheltenham Stone and Gravel Co.* v. *Gates Iron Works,* id. 623.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Adams county; the Hon. WILLIAM MARSH, Judge, presiding.

This was an action of assumpsit, brought by Cornelia B. Grimshaw, against Albert W. Jansen, Frederick G. Jansen and Charles C. Jansen, to recover the amount of a promissory note executed by the defendants, under the firm name of F. W. Jansen & Son. On the 1st day of February, 1881, the three defendants, who were brothers, were engaged in business in Quincy, under the firm name of F. W. Jansen & Son, and on that day they borrowed from the plaintiff, Cornelia B. Grimshaw, $2000, and executed and delivered to her a promissory note, signed "F. W. Jansen & Son," for the amount, due in two years, with interest at the rate of seven per cent per annum. In November, 1881, Albert W. Jansen withdrew from the firm, and notice of his withdrawal was published in a newspaper published in Quincy; but the plaintiff never saw the notice, and the evidence tends to show that she had no knowledge of any change in the firm. After Albert W. Jansen withdrew from the firm, the business was continued by Charles C. and Frederick G. Jansen, under the same firm name,—F. W. Jansen & Son,—until February, 1886, when they made an assignment. When the note became due, the interest was paid and a new note executed, bearing date February 1, 1883, due in two years, for $2000, with interest at eight per cent per annum, signed, as was the old one, "F. W. Jansen & Son." When the new note was received the old one was surrendered. The interest seems to have been regularly paid until the firm failed and assigned, as stated before, in February, 1886.

The declaration contained one count on the old note, and also a count on the new note, and the common counts. The defendant Albert W. Jansen pleaded the general issue and several special pleas, in which he denied the execution of the note dated February 1, 1883, upon which issue was joined.

He also denied that he was a member of the firm when the note was executed. To this it was replied, that Albert W. Jansen had, previous to the execution of the note, been a partner in the firm of F. W. Jansen & Son, and that while he was such partner plaintiff had given credit to the firm, and at the time the note of February 1, 1883, was executed and delivered, she had no notice of his withdrawal from the firm, and that she accepted the note believing he was still a member of the firm. The defendant Albert W. Jansen also interposed a plea, which, in substance, declared that plaintiff accepted and received the promissory note of February 1, 1883, from Charles C. and Frederick G. Jansen, in full satisfaction of all indebtedness sued for, except the note of February 1, 1883. To this the plaintiff, in substance, replied, that she did not accept the second note in full satisfaction of such indebtedness alleged in the plea. The other two defendants filed pleas to the declaration, but as they were subsequently withdrawn, it will not be necessary to notice them here.

The issues having been made up, and the cause being ready for trial when it should be reached on a call of the docket, on the 5th day of April, 1886, the defendant Albert W. Jansen, being a non-resident of the State, filed a petition for the removal of the cause to the Federal court. Two days later, on April 7, the other defendants, Charles C. and Frederick G. Jansen, withdrew their pleas. Judgment by default was thereupon rendered against them, and on motion of the plaintiff her damages were assessed, and judgment entered for $2029.74 and costs. At the same time an order was entered sustaining the motion of defendant Albert W. Jansen to remove the cause to the Federal court, and an order was entered, that "this cause be removed to the Circuit Court of the United States for the Southern District of Illinois." On the 15th day of May, following, court adjourned for the term. On the 7th day of June a transcript of the cause was filed in the Circuit Court of the United States. On the 21st of June, 1886, the circuit court

of Adams county again convened, and adjourned for the term on the 2d day of July. On the 15th day of October, 1886, the Circuit Court of the United States, on motion of plaintiff, remanded the cause to the circuit court of Adams county. On the 25th day of October, which was the first day of the October term of the Adams circuit court, plaintiff entered a motion to vacate the judgment rendered against Frederick G. and Charles C. Jansen at the previous March term, and the three defendants entered a cross-motion to strike the cause from the docket. The court sustained plaintiff's motion to vacate the judgment, and overruled defendants' cross-motion. Afterwards, the defendants Charles C. and Frederick G. Jansen, by leave of court, filed a plea of former recovery, setting up the judgment recovered at the March term as a bar. To this plea plaintiff replied there was no such judgment remaining in full force and effect, and prayed that the same may be inquired of by the court by inspection of the record, upon which issue was joined. On the 12th day of November, 1886, a trial was had before a jury, resulting in a verdict and judgment against all the defendants for $2125.75. On the appeal of Albert W. Jansen, alone, the judgment was affirmed in the Appellate Court. To reverse the judgment of the Appellate Court he has appealed to this court.

Messrs. CARTER & GOVERT, for the appellant:

A judgment against one member of a firm, for a debt due from the firm, constitutes a bar to a recovery against the other members. *Gray* v. *Gillilan*, 15 Ill. 453; *Thompson* v. *Emmert*, id. 415; *King* v. *Hoare*, 13 M. & W. 494; *Wann* v. *McNulty*, 2 Gilm. 355; *Sloo* v. *Lee*, 18 Ohio, 279; *Peters* v. *Sanford*, 1 Denio, 224; *Smith* v. *Black*, 9 S. & R. 142; *Ward* v. *Johnson*, 13 Mass. 148; *Mitchell* v. *Brewster*, 28 Ill. 163; *The Fire and Marine Bank*, 13 S. & R. 288; *Taylor* v. *Claypool*, 5 Blackf. 558; *Hoale* v. *Hollins*, 11 G. & J. 11; *Mason* v. *Eldrid*, 6 Wall. 231.

It is held that the entry of a *nolle prosequi* as to a defendant who pleads the general issue, in an action *ex contractu* against several, discharges all. *Tolman* v. *Spaulding*, 3 Scam. 13.

Judgment must be taken against all who are served, or none. The cause of action is merged in the judgment, those not included in it are released, and the judgment is a complete bar to any further recovery. *Gribbin* v. *Thompson*, 28 Ill. 61; *Kimmel* v. *Shultz*, Breese, 169; *Russell* v. *Hogan*, 1 Scam. 552; *Hoxey* v. *Macoupin County*, 2 id. 36; *McConnel* v. *Swailes*, id. 571; *Tolman* v. *Spaulding*, 3 id. 13; *Wight* v. *Meredith*, 4 id. 360; *Wight* v. *Hoffman*, id. 362; *Towle* v. *Bailey*, 43 Md. 18; *Schuler* v. *Israel*, 27 Fed. Rep. 851; *People* v. *Harrison*, 82 Ill. 84; *Byers* v. *Bank*, 85 id. 423; *Felsenthal* v. *Durand*, 86 id. 230; *Faulk* v. *Kellums*, 54 id. 188; *Kimball* v. *Tanner*, 63 id. 519; *Goodale* v. *Cooper*, 6 Bradw. 81.

Even where the obligation is both joint and several, if the defendants are sued jointly, the rule as to joint contracts will govern, and separate judgments can not be rendered. *Gould* v. *Sternburg*, 69 Ill. 531.

The court had no power to set aside the judgment after the term at which it was rendered. *Garner* v. *Crenshaw*, 1 Scam. 143; *Rider* v. *Twiss*, 3 id. 4; *Cook* v. *Wood*, 24 Ill. 295; *Cox* v. *Brackett*, 41 id. 222; *Messervey* v. *Beckwith*, id. 452; *Lill* v. *Stookey*, 72 id. 495; *Becker* v. *Sauter*, 89 id. 596; *Coursen* v. *Hixon*, 78 id. 339; *McKindley* v. *Buck*, 43 id. 488; *Knox* v. *Bank*, 57 id. 330; *Baptiste* v. *Transportation Co.* 29 Fed. Rep. 180.

A former judgment rendered for the same cause of action may be given in evidence under the general issue, and when thus given, will bar further recovery. Judgment will be held conclusive, even under the general issue. *Gray* v. *Gillilan*, 15 Ill. 453, and cases cited.

Where a new note is given in lieu of an old one, and the old one is surrendered and cancelled, the old note is no longer in force for any purpose, and will be regarded as paid. *Wicken-*

*kamp* v. *Wickenkamp,* 77 Ill. 96 ; *Wilkinson* v. *Stewart,* 30 id. 48 ; *Yates* v. *Valentine,* 71 id. 643 ; *Tucker* v. *Conwell,* 67 id. 552 ; *Fridley* v. *Bowen,* 5 Bradw. 191 ; *Morrison* v. *Smith,* 81 Ill. 221.

Mr. JOHN H. WILLIAMS, for the appellee :

The giving of a promissory note in lieu of another, unless intended and understood by the parties as a payment, is no payment, and does not discharge the maker from liability on the first note. *Hill* v. *Marcy,* 49 N. H. 268 ; *Thompson* v. *Briggs,* 28 id. 40 ; *Yates* v. *Valentine,* 71 Ill. 643.

A retiring partner is liable for debts contracted by the firm after his retirement, with those who have had prior dealings with the firm, unless they have had actual notice of his retirement. *Warren* v. *Ball,* 37 Ill. 80 ; *Meyer* v. *Krohn,* 114 id. 580.

A party can not allege errors which relate exclusively to other parties who are not complaining, and who are not before the court. *Clark* v. *Marfield,* 77 Ill. 258 ; *Henrickson* v. *Van-Winkle,* 21 id. 274 ; *Horner* v. *Zimmerman,* 45 id. 14 ; *Cromine* v. *Tharp,* 42 id. 121 ; *Richards* v. *Greene,* 78 id. 526.

When a State court has ordered a removal of a cause to the Federal court, although erroneously, its jurisdiction is at an end until restored by the action of the Federal court; and in such case, on the order of the Federal court remanding the case, the jurisdiction of the latter court re-attaches, and it may proceed therewith. Dillon on Removal of Causes, (3d ed.) p. 406, sec. 87 ; *Thatcher* v. *McWilliams,* 47 Ga. 306 ; *Fire Ins. Co.* v. *Francis,* 52 Miss. 457.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court :

It is first contended by appellant that the circuit court erred in sustaining the motion of plaintiff, made at the October term, 1886, to vacate the judgment rendered against appellant's co-defendants in this cause at the previous March term, and in overruling the cross-motion of appellant and his co-defendants to strike the cause from the docket.

This action was brought against the three defendants as partners,—as joint promisors; and where an action is brought upon a liability of that character, the law is well settled that a judgment against one or two of the joint promisors will be a bar to a future recovery against one or all of the remaining joint contractors. (*Wann* v. *McNulty*, 2 Gilm. 355; *Thompson* v. *Emmert*, 15 Ill. 415; *Mitchell* v. *Brewster*, 28 id. 167; *Peters* v. *Sanford*, 1 Denio, 224; *Ward* v. *Johnson*, 13 Mass. 148.) The action of the court, therefore, in vacating the judgment when it was vacated, materially affected the rights of appellant, because no recovery could be had against him so long as the judgment remained in full force against the other two defendants. It becomes important, therefore, to determine whether the court had the power to set aside the judgment at the October term, 1886.

It will be remembered that the judgment had been rendered against the two defendants at the March term, and that a June term had intervened, no steps having been taken at the March or June term to vacate the judgment. The general rule is, where a judgment has been rendered at a term of court, and the court adjourns for the term, the court may, at a second term, on notice, amend the judgment in a mere formal respect; but after the term closes, the court has no power to vacate or set aside a judgment. (*Cook* v. *Wood*, 24 Ill. 295.) There are cases where it has been held, where the motion to vacate a judgment is made at the same term at which it is rendered, and the motion is continued until a subsequent term, the court has power at such subsequent term to allow the motion and vacate the judgment. *Hibbard* v. *Mueller*, 86 Ill. 256, and *Hearson* v. *Graudine*, 87 id. 115, so hold. But the doctrine of those cases has no application here, as no motion to vacate was made at the term when the judgment was entered. When the two defendants, at the March term, withdrew their pleas, the court might properly have entered their default; but the court had no authority to render a judgment against them until

the cause was disposed of as to the third defendant, and there can be no doubt but the judgment was erroneous.

There is, however, one consideration which, in our judgment, has a material bearing on the question. Albert W. Jansen, one of the defendants, on April 5, 1886, entered a motion to remove the cause to the United States Circuit Court for the Southern District of Illinois. In connection with the motion a petition, bond and affidavit were filed. No further steps were taken in the case until the 7th day of April, two days later, when the other defendants, Frederick G. Jansen and Charles C. Jansen, withdrew their pleas and appearance, and then default was entered, and judgment rendered against them for the amount of the note and interest, upon which the action was brought. At the same time, and as a part of the same order wherein judgment was rendered against the two defendants, the court entered an order, as follows: "And this cause now coming on to be heard, upon the motion of the defendant Albert W. Jansen to remove this cause to the Circuit Court of the United States for the Southern District of Illinois, heretofore entered herein, and the court  *  *  *  doth order that said motion be sustained. And it is further ordered by the court, that this cause be removed to the Circuit Court of the United States for the Southern District of Illinois." It thus appears that by one order the court rendered a judgment against two of the defendants, and at the same time removed the *cause* to the Federal court. The cause was not removed as to the defendant Albert W. Jansen alone, but the *entire cause,*—the action as originally commenced,—was transferred to the Federal court. It is true, the order of removal was erroneous, as held in *Fraser* v. *Jennison,* 16 Otto, 191; but that does not affect the question involved. After the order of removal had been entered, the jurisdiction of the circuit court in the cause was suspended. That court thereafter, and while the cause was pending in the Federal court, had no power to enter any order or judgment in the cause. Had a motion been made at

the March term to vacate the judgment against the two defendants, the court would have been powerless to entertain it, (Dillon on Removal of Causes, sec. 87,) because the cause had been transferred to the Federal court, and was pending in that court. The order of removal suspended all power or jurisdiction over the cause until such time as the cause should be transferred from the Federal back to the circuit court. This occurred on October 15, when the cause was remanded to the circuit court. On October 25, the first day of the October term of the circuit court, the plaintiff entered her motion to vacate the judgment rendered against the two defendants at the March term of court. This was the first time after the judgment was rendered that the circuit court could entertain jurisdiction to hear and determine the application to vacate the judgment, and we think the motion, under the facts of this case, was in apt time. When the cause was remanded the court assumed the same jurisdiction over the cause that it had at the time of removal, and could then entertain any motion which would have been proper before removal. In conclusion, we are of opinion that the court did not err in vacating the judgment.

From what has been said, it follows that the ruling of the court on the admission of evidence and the instructions to the jury on this branch of the case, was correct.

It is also contended that the court erred in admitting in evidence the note of February 1, 1881, which had been surrendered when the new note was given in renewal. The giving of one promissory note in lieu of another does not necessarily operate as a payment. In order to have that effect it must be so understood and intended by the parties. (*Yates* v. *Valentine*, 71 Ill. 644; *Thompson* v. *Briggs*, 28 N. H. 40; *Hill* v. *Morey*, 49 id. 268.) In the last case cited, where the facts are quite similar to the facts in this case, it is said: "In the case of the dissolution of a firm by the retirement of some of the members, and a continuance of the business by the others in the same name, the giving and receiving of a note by the

new firm, for a debt of the old firm, will not be payment, unless it was so agreed by the parties." We think the court was right in deciding that the note was competent evidence for the jury. Whether it was paid or not was a question to be determined from all the evidence.

Several other questions have been raised in regard to the admission and exclusion of evidence, but they are all of a technical character, and have no direct bearing on the merits of the case, and it will serve no useful purpose to consume time in a discussion of them here. On the whole, the ruling of the court on the admission and exclusion of evidence we think was substantially correct.

It is also claimed that the court erred in permitting counsel for plaintiff to read to the jury, in his argument, the instructions which he proposed to ask the court to give to the jury, and in making comments thereon. We are not aware that the course pursued in the argument has been practiced to any extent in any part of the State, and we are not inclined to favor it; but at the same time, we can not say that what counsel did was error for which the judgment should be reversed. Much latitude is always allowed in the argument of causes before a jury. Counsel have the right to state to the jury the propositions of law involved in the case upon which they rely, and predicate the argument upon such propositions. If this may be done, upon the same principle we see no good reason why counsel, in the argument, may not read to the jury the instructions which they intend to ask, and insist before the jury that such instructions contain the law involved in the case. Where this course is pursued, the attorney takes the risk of having his argument condemned by the refusal of the court to give the instructions.

The decision of the court in giving, refusing and modifying instructions, is relied upon as error. After a careful consideration of the instructions and the questions raised by counsel, without entering upon a critical review of objections urged to

the decision of the court, we deem it sufficient to say that we find no substantial error in the ruling of the court in this regard. All the law involved in the case was fully given to the jury, and we see nothing in the instructions calculated to mislead, and although slight errors may have been committed, nothing of such magnitude occurred as to authorize a reversal of the judgment.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*