Bristol v. Ross.

---

**George S. Bristol, for the use of E. H. Kohnstamm, E. V. Kohnstamm, E. G. Kohnstamm, as H. Kohnstamm & Co., and Charles Yourrell, v. Oliver S. Ross.**

1. Courts—*Power After the Term Closes.*—Where no motion is entered of record during the term at which a judgment is entered, and by order of court continued, the court has no power to vacate or set aside said judgment after the term at which it was entered.

Appeal from the County Court of Cook County; the Hon. H. W. JOHNSON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1898. Reversed and remanded, with directions. Opinion filed December 23, 1898.

STEELE & ROBERTS, attorneys for appellants.

MR. JUSTICE HORTON delivered the opinion of the court.

This cause came to the County Court by appeal from a justice of the peace. It was tried in the County Court, verdict of the jury returned, and final judgment entered at the May term, 1896. No motion was made, no order entered and no steps or proceedings of any kind had or taken in said cause during said May term after final judgment was entered. At the ensuing June term of said County Court, and upon the motion of appellee, as it is stated in the order of said court, it was ordered that said motion be entered *nunc pro tunc* as of the day in said May term when said final judgment was entered, and that the verdict and judgment be vacated and set aside. At the January term, 1898, appellants moved the court to strike said cause from the docket, which was overruled, and at the same time, and upon motion of appellee, it was ordered by said court that the appeal from the justice of the peace be dismissed for want of prosecution, at the costs of appellants, that *procedendo* issue, and that appellee have and recover from appellants his costs and charges in said County Court, and in said justice of the peace court, and that he have execution therefor.

The only point presented to the court for consideration, is whether the County Court had any jurisdiction to enter any order in this cause after the expiration of the May term, 1896, when final judgment was entered.

It is held in Jansen v. Grimshaw, 125 Ill. 468, 474, that after the term of a court closes at which a judgment was entered, the court has no power to vacate or set aside such judgment. The only exception to this rule in this State is where a motion was made and entered of record during the term at which the judgment was entered, and such motion

was, by order of the court, continued to the succeeding term.

The judgment of the County Court, entered January 13, 1898, is reversed and the cause remanded. The County Court will set aside the order entered in said cause June 20, 1896, which purports to vacate the final judgment entered at the May term of said court, and all orders and proceedings had or entered in said cause after the expiration of the May term, 1896, of said County Court. Reversed and remanded, with directions.