## H. P. Stitt v. Peter Kurtenbach.

1. PRACTICE—*In Suits Against Joint Contractors.*—In a suit against two joint contractors, both in court, it is reversible error to enter judgment against one without proceeding at the same time to judgment as to the other, and without including him in the judgment, unless he has shown some defense personal to himself arising after the joint contract was made.

2. SAME—*Jurisdiction to Vacate Judgments After the Term.*—Where judgment is rendered against a defendant and no motion made during the term to vacate it, the power of the trial court ends with the term, and it has no jurisdiction to vacate it at a succeeding term.

3. JUDGMENTS—*When Interlocutory—When Final.*—Where there is a judgment by default against a defendant, reciting that "plaintiff ought to recover his damages," but not fixing the amount, such a judgment is interlocutory; but where the amount is fixed the judgment is final.

4. AMENDMENTS—*During the Term.*—During the term all proceedings rest in the breast of the judge of the court, and he can, without notice, amend his record according to the facts within his knowledge of what he has or has not done.

5. SAME—*After the Term.*—The court, upon notice to the parties in interest, may amend its record at a subsequent term after judgment, if there is some minute or memorial paper, or notes of a stenographer or other like record, from which it can be determined what the order to be amended in fact was, but such amendment can not be based upon oral evidence merely.

Stitt v. Kurtenbach.

Assumpsit, on a promissory note. Trial in the County Court of Livingston County; the Hon. C. M. Barickman, Judge, presiding. Finding and judgment for defendant; appeal by plaintiff. Heard in this court at the May term, 1899. Reversed and remanded with directions. Opinion filed October 12, 1899.

A. C. Norton and F. W. Winkler, attorneys for appellant.

Where bond is filed with justice an appellee is not entitled to notice of appeal, but must follow it. Messervey v. Beckwith, 41 Ill. 452; Fix v. Quinn, 75 Ill. 233.

During the term, in contemplation of law, the record is in the breast of the court, and amendments of the record may be made; but after a final judgment has been entered, and the term of court has closed, no steps having been taken to vacate the same, the court at a subsequent term has no power to alter or amend its final judgment. Cook v. Wood, 24 Ill. 297; Messervey v. Beckwith, 41 Ill. 452; Hibbard v. Mueller, 86 Ill. 257; Baldwin v. McClelland, 152 Ill. 50.

Amendments of the record may be made at a subsequent term, but notice must be given the parties affected by it and there must be something in the judge's minutes to amend by. Church v. English, 81 Ill. 442; Weinhard v. Tynan, 53 Ill. App. 27, and cases cited.

J. A. Brown, attorney for appellee.

A judgment to be final must definitely put the case out of court. It must dispose of the rights of all the parties concerned on the merits of the case and terminate the litigation between the parties, before it can be considered final with respect to any one of them. The judgment, to be final, should determine all the issues of fact involved in the case; the decision of one of them, leaving the others undetermined, is not a final adjudication, as there can not be two final judgments in the same action. If one of the defendants suffers a default, and an interlocutory judgment is entered up against him, it can not be made final until the case is finally disposed of as to the other defendants. There must be a final disposition of the whole case as to all the parties.

Black on Judgments, Secs. 21, 23, 24, and 206; Anthony v. Ward, 22 Ill. 181; Gade v. Forrest, etc., Co,, 158 Ill. 39; Chicago & N. W. Ry. Co. v. City of Chicago, 148 Ill. 141; Lawrence v. Paden, 76 Ill. App. 510; Shinn's Pleading and Practice (common law), Sec. 989.

An interlocutory judgment determines some preliminary or subordinate point or plea or settles some step or default arising in the progress of the cause, but does not adjudicate the ultimate rights of the parties or finally put the case out of court. A judgment by default against one defendant, before case is disposed of as to the other, is an interlocutory judgment; such judgment can not be made final until the case is finally disposed of as to the other defendant; the issue pending with the co-defendant would have to be disposed of before final judgment could be entered against the party defaulted. Black on Judgments, Secs. 21, 28, 82, 206, 209 and 308; Anthony v. Ward, 22 Ill. 181; Mowatt v. Cole, 59 Ill. App. 345.

Mr. Justice DIBELL delivered the opinion of the court.

H. P. Stitt was the assignee of a note for the principal sum of $137, dated March 2, 1897, payable to John F. Oliver, or order, twelve months after date, with interest at seven per cent, purporting to be signed by Peter " Kertenbaugh " and Revilo Oliver, and indorsed in blank by John F. Oliver. Stitt brought suit thereon against the Olivers and Peter Kurtenbach, before a justice of the peace of Livingston county. Each defendant was served with summons. The transcript of the justice shows that plaintiff and Revilo Oliver appeared (implying John F. Oliver did not appear), and that upon the trial the justice adjudged that the note was a forgery as to the alleged makers, and discharged them, and entered judgment against John F. Oliver, the indorser, for $147.60 and costs. Plaintiff appealed to the County Court as to the judgment obtained by the makers against him, and no further notice was taken of John F. Oliver or the judgment against him. As John F. Oliver was liable severally, and the makers jointly, if at all, the course

Stitt v. Kurtenbach.

pursued of taking judgment against the party severally liable (who apparently was defaulted) and thereafter treating the suit as severed and proceeding further against the makers only, seems within the spirit of section 3 of the act of June 4, 1895. At any rate no error is assigned upon the severance thus effected.

At the December term, 1898, of the County Court, Revilo Oliver obtained a continuance, and there was a jury trial as to defendant Kurtenbach, and a verdict was rendered for plaintiff for $154, upon which at that term plaintiff obtained a judgment final in form against Kurtenbach for $154 and costs. No further steps were taken at that term. At the next term, being the March term, 1899, plaintiff and Kurtenbach appeared, and Kurtenbach moved to vacate the verdict and judgment against him at the former term, and plaintiff entered his motion to dismiss the suit as to Revilo Oliver. The motion of Kurtenbach was heard upon proofs presented and was granted, and plaintiff excepted. The court then granted plaintiff's motion to dismiss the suit as to defendant Revilo Oliver. A jury was then waived by plaintiff and Kurtenbach, and proofs were heard, and the court found the issues for said defendant Kurtenbach, and entered judgment in favor of Kurtenbach against plaintiff. Plaintiff obtained and perfected an appeal to this court. After plaintiff's appeal bond was filed and approved certain other proceedings were had in said court, which will be stated further on.

If the court had jurisdiction at the March term, 1899, to vacate the verdict and judgment against Kurtenbach at the December term, 1898, then, without undertaking to state the proofs, we deem it sufficient to say that the showing made in support of Kurtenbach's motion fully justified the vacation of said verdict and judgment; and the proof required the finding and judgment in favor of Kurtenbach at the March term, 1899. But plaintiff contends that the judgment against Kurtenbach at the December term was final as to Kurtenbach, and that the court had no jurisdiction to vacate said judgment at the succeeding March term. It is settled in this State that in a suit against two alleged

joint contractors, both in court, it is reversible error to enter judgment against one defendant without proceeding at the same time to judgment as to the other defendant, and without including the other in the judgment, unless he has shown a defense personal to himself arising after the joint contract was made. So far as we can now see, if Kurtenbach had brought to this court, by writ of error, the judgment rendered against him at the December term, it must have been reversed for the reason stated. It is equally well settled in this State that where judgment is rendered against a defendant, and no motion is made at that term to vacate it, the power of the trial court over that judgment ends with the term, and that it has no jurisdiction to vacate it at a succeeding term. These rules are fixed by a line of decisions too numerous to justify any citation. Defendant Kurtenbach, however, contends that where the court improperly and erroneously proceeds to trial and judgment against one of two defendants alleged to be jointly liable, without disposing of the case as to the other defendant, the judgment rendered, though final in form, is treated as interlocutory only; and, that so long as the case remains pending as to the other defendant, the court retains complete control of the entire case, including said interlocutory judgment, and has the power at any time to vacate the same, and is in duty bound to do so, and to proceed to trial against both defendants at a succeeding term.

We have read and considered the many Illinois decisions cited in support of the contention last stated. To review them here would unduly extend this opinion. We are of opinion that most of them do not tend to support that position. Counsel for Kurtenbach gives in his brief several quotations from Black on Judgments apparently supporting the view he urges. It appears therefrom that such a rule does prevail in certain States where the practice is very different from that in force in Illinois. But counsel's reliance upon Black on Judgments appears to us to be mainly based upon a misconception of the sense in which that author uses the term " interlocutory judgments." In section 28

Stitt v. Kurtenbach.

Black shows that where there is a judgment by default against a defendant, reciting that "plaintiff ought to recover his damages," but not fixing the amount, such a judgment is interlocutory; but where the amount is fixed the judgment is final. That is good law in this State. (Cook v. Wood, 24 Ill. 295.) The judgment by default against one defendant spoken of as interlocutory only in Anthony v. Ward, 22 Ill. 180, was merely an entry of default prior to an assessment of damages, which afterward followed against both defendants before judgment for a sum of money was rendered.

In Jones v. Wight, 4 Scam. 338, in a suit against Wight and Jackson, in which both defendants were served, Jackson filed a plea. Without noticing the plea his default was entered, damages assessed, judgment rendered and execution issued against him. Afterward Wight filed a plea on which issue was joined, and upon a jury trial plaintiffs took a non-suit as to Wight. Plaintiffs afterward brought a writ of error to reverse the judgment in their favor against Jackson, that they might commence their suit anew, and obtained its reversal. In an action at law, error will lie only to reverse a final judgment, and if this judgment against Jackson had been interlocutory only, the writ of error could not have been sustained. Similar judgments were treated as final, and subject to a writ of error, and not as merely interlocutory, in Wight v. Meredith, 4 Scam. 360, and Wight v. Hoffman, 4 Scam. 362. Davidson v. Bond, 12 Ill. 84, was a suit against six defendants upon a joint contract. A default and judgment was entered against four, without taking any notice of or action against two other defendants served. Plaintiff brought error to reverse this judgment. It was held, first, that this was an error for which defendants might at any time within five years have brought error and secured a reversal; and second, that said judgment presented a bar to plaintiff obtaining a regular judgment, and therefore he had a right to prosecute a writ of error and secure the reversal of the erroneous judgment. Under the theory advanced by appellee here, the judgment against the

four defendants was interlocutory only, and the trial court at any succeeding term had power to set it aside and proceed regularly against all six defendants. The Supreme Court, however, held it a final judgment which could be reversed on error, and till so reversed a bar to further proceedings against the other defendants. In Jansen v. Grimshaw, 125 Ill. 468, judgment was rendered at the March term, 1886, against two of three joint promisors, and the doctrine is clearly recognized that this was a final judgment and a bar to a recovery against the remaining joint contractors. The trial court set this judgment aside at the October term, 1886, and that action was approved, but for reasons wholly in harmony with the rule followed in the cases we have already cited. Immediately following the judgment at the March term, on the same day, was an order removing the entire cause to the United States Circuit Court. This order was erroneous, but suspended the jurisdiction of the State courts. That jurisdiction was restored by an order of the Federal court remanding the cause to the State court. Immediately upon the convening of the State court thereafter plaintiff moved to vacate said judgment against the two defendants. The intervening time when the court had no jurisdiction was treated as if it had not been, and the motion was treated as having been made immediately after the judgment was rendered. It was held the court resumed the jurisdiction it had at the time of removal. It was conceded that but for that extraordinary event the court would have had no power at the October term to vacate the judgment erroneously entered at the March term. It seems to us that on principle these cases determine that the judgment against Kurtenbach at the December term was final, and a bar to further proceedings against the other defendants till reversed by a higher tribunal.

There are two Illinois cases not wholly in harmony with the foregoing. In Teal v. Russell, 2 Scam. 319, the defendants were Peyton, McClure and Russell. Peyton filed a plea. Default and judgment were rendered against McClure and Russell. At the next term both plaintiff and McClure

moved to vacate said judgment. The court denied said motion, struck the case from the docket and gave Peyton a judgment for costs against plaintiff. Plaintiff sued out a writ of error and secured a reversal of both judgments. This was in harmony with the holding in the other cases we have cited, but the court there further said that the lower court should have set aside the judgment by default against McClure and Russell, implying the court had power to do so at the next term, when the motion was entered. Gould v. Sternburg, 69 Ill. 531, was a suit against Gould and Richardson on joint contracts. Final judgment by default was entered against both defendants. The default was afterward set aside as to Gould and he pleaded. At a later term there was a trial and a judgment against Gould alone. Gould brought a writ of error to reverse the judgment against him, and succeeded. This was in harmony with the other cases cited. The court said that the judgment should have been set aside as to Richardson as well as Gould, but for aught that appears the vacation of the judgment as to Gould may have been at the same term at which it was entered. But the court remanded the cause. Apparently there was no occasion to remand it unless the trial court could set aside the judgment against Richardson, for till that was done no further action against Gould could be taken in that cause. But plaintiff was still at liberty to bring error as to the judgment against Richardson and secure its reversal, and then he would be in a position to proceed against both defendants, and it was only by remanding the cause, the court could place the plaintiff in a position where that course could be effectively pursued. We conclude the rule best supported by the Illinois decisions is that the court below was without power, at the March term, to vacate the judgment rendered against Kurtenbach at the preceding December term.

The record of the December term, as certified by the clerk, does not show Kurtenbach present or taking part in the proceedings at that term. By a second bill of exceptions taken by plaintiff, it now appears that the record of

said December term, as originally written by the clerk, and as it stood when this case was tried and determined at the March term, and when plaintiff's appeal bond was filed and approved, showed Kurtenbach present and participating in the proceedings at the December term. After plaintiff's appeal bond had been approved at the March term the court, of its own motion and without notice to plaintiff, directed the clerk to so amend the record of the December term as to strike out so much as showed Kurtenbach taking part, and to show plaintiff took certain action which the record originally stated was by Kurtenbach. The clerk corrected the record accordingly. Thereafter, at said term, plaintiff learned of said action and excepted thereto, and preserved the action and exception by his second bill of exceptions, and has assigned error thereon.

During the term all proceedings rest in the breast of the judge of the court, and he can amend his record according to the facts within his own knowledge, and according to his own personal knowledge of what he has or has not done. (Hansen v. Schlesinger, 125 Ill. 230; West Chicago St. R. R. Co. v. Morrison, 160 Ill. 288.) This apparently the court may do without notice. (Heinson v. Lamb, 117 Ill. 549.) The court may amend its record at a subsequent term after judgment if there is some minute or memorial paper, or notes of a stenographer, or other like record, from which it can be determined what the order to be amended in fact was. Such amendment can not be based upon oral evidence merely. (Ayer v. Chicago, 149 Ill. 262; Culver v. Cougle, 165 Ill. 417; Sullivan v. Eddy, 154 Ill. 199.) But this must be upon notice to parties in interest. (Church v. English, 81 Ill. 442; People v. Anthony, 129 Ill. 218; Adams v. Gill, 158 Ill. 190.) As this record was corrected by the judge of the court at a subsequent term, and of his own motion and without notice to plaintiff, the action was erroneous, regardless of the question whether there was any sufficient memorandum upon which to base it. As the true condition of the record of the December term may affect the validity of that judgment, if hereafter questioned,

the error was material.   For the correction of this error it will be necessary to remand the cause.

The judgment and proceedings at the March term are therefore reversed, and the cause is remanded to the court below, with directions to restore the record of the December term to its original condition, unless upon motion to amend the same, and due notice to the parties in interest, a proper case for the amendment thereof shall be made.

Reversed and remanded with directions.