MARVIN & JONES, INC., RESPONDENTS, v. TORRES ET AL.,
APPELLANTS.

## APPEAL from the District Court of Ponce.

No. 889.—Decided February 4, 1913.

AMENDMENT OF JUDGMENT—MOTION TO AMEND—CLERICAL ERRORS—TERMS OF
COURT.—The courts of Porto Rico have the power to amend their judgments
and decrees in any manner within the term in which the same were rendered,
and after the expiration of the term when the motion to amend is made within
the term and remains pending after said term, or when the amendment
sought is to correct clerical errors.

ID.—CLERICAL ERRORS—ERRORS OF LAW—COSTS.—A district court has no power
after the expiration of the term within which it rendered a judgment to amend
the same by the addition after the word "costs" the words "disbursements
and attorney's fees." Such an amendment in the present case, under the
circumstances surrounding the same, would constitute the correction of an
error of law and not a clerical error.

The facts are stated in the opinion.

*Mr. José Poventud* for appellants.

*Messrs. Francisco Jiménez* and *Jaime C. Seix* for respondents.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The District Court of Ponce rendered judgment in this case on April 18, 1912, dismissing the complaint "with costs against the plaintiff."

On July 31, 1912, the defendants filed a motion in said court alleging "that through forgetfulness or involuntary error the secretary of the court omitted to insert in the said judgment the words 'disbursements and counsel's fees' after the word 'costs,' which was undoubtedly the intention of the court," and praying the court to enter an order amending the judgment *nunc pro tunc* by inserting after the word "costs" the words "disbursements and counsel's fees."

A notice of the motion was served on counsel for the plaintiff, the motion was heard in open court counsel for both parties being present, and on August 28, 1912, the court overruled it. The decision of the court from which this appeal was taken reads as follows:

"Although in imposing the costs upon the plaintiff it was the intention of this court to include disbursements and counsel's fees in the word 'costs;' yet in view of the doctrine laid down in *Byrne* v. *Hoag*, 116 Cal., 5, and in *Estate of Potter*, 141 Cal., 426, and considering that if there was an error it was a judicial and not a clerical one, the motion is overruled."

The first question to be considered in a case of this nature is whether or not the amendment proposed was solicited within the term in which the judgment was rendered, because in the first case while the power of the court to amend any error, whether clerical or judicial, is indisputable, in the second case amendments can be made only in certain specific cases.

The terms of the district courts of Porto Rico are five each year, of two months each. The judgment in this case was rendered on April 18, 1912, and the amendment was proposed on July 31 of the same year. Therefore, more than two months elapsed from the day the judgment was rendered to that on which the motion to amend was filed, consequently the conclusion must be reached necessarily that the motion to amend was filed after the expiration of the term in which the judgment was rendered.

To throw light upon this point let us examine the power of courts to amend their judgments after the expiration of the term in which they were rendered.

There is a long line of decisions on this point, all of them agreeing that even after the term in which they are rendered courts have the power to amend their decrees and judgments, such amendments being limited, however, to the correction of clerical errors only and not extending to a fundamental alteration unless expressly authorized by statute. In support of this we will cite some decisions of American courts.

"At common law no judgment was amendable after the term in which it was entered." *Albers* v. *Whitney*, Federal Cases No. 137 (I Story, 310).

"Circuit courts have no power to amend a judgment after the expiration of the term." *Malpas* v. *Lowenstein*, 46 Ark., 676.

"In the absence of statutory provision, judgments regularly rendered are beyond the control of the court after the term has expired." *Exchange Bank* v. *Ford*, 7 Colo., 314, 3 Pac., 449.

"A court has no power to amend a judgment rendered at a previous term unless a motion was made or some proceedings instituted during said term to procure the amendment to be made and the motion or proceeding was continued, or unless the record discloses that the judgment as entered was not the one rendered by the court." *O'Brien* v. *O'Brien*, 124 Cal., 422; *De Castro* v. *Richardson*, 25 Cal., 49.

"A judgment may be amended in mere matters of form, or so amended by the correction of mistakes as to make it conform to the judgment which the court actually rendered, even after the term." *McDonald* v. *Patterson*, 190 Ill., 121.

"But in order to do this there must be some record, minute, or memorial paper, or stenographic notes, or some other written source from which to determine what was the exact nature of the judgment or order to be amended; the amendment cannot be based on oral evidence or on the judge's recollection." *Stitt* v. *Kurtenbach*, 85 Ill. App., 38.

The commentator Black, in his treatise on judgments, supporting himself by decisions in the State of Alabama, says:

"The power to amend *nunc pro tunc* is not revisory in its nature, and is not intended to correct judicial errors. Such amendments ought never to be the means of modifying or enlarging the judgment, or the judgment record, so that it shall express something which the court did not pronounce, even although the proposed amendment embraces matter which ought clearly to have been pronounced. However erroneous, the express judgment of the court cannot be corrected at a subsequent term." 1 Black on Judgments, §158, p. 231.

In view of the foregoing and of the provisions of section 7, paragraph 8, of the Code of Civil Procedure, identical to section 128, paragraph 8, of the Code of Civil Procedure of California, we must conclude that the courts of Porto Rico have power to amend their judgments and decrees in any

manner within the term in which they were rendered, and after the term has expired only when the petition therefor is made within the term and remains pending after said term, or when the amendment sought is to correct clerical errors; for instance, when the record shows that the judgment entered differs from that actually rendered.

Let us apply to this particular case now before us for consideration the principles above set forth.

Is the question here presented one calling for the correction of a clerical error or to supply an involuntary omission in order to make the judgment conform to the record, or a fundamental amendment of the judgment entered on the record?

Appellants moved to amend the judgment by inserting certain words "involuntarily omitted by the secretary," but in his decision the judge held that there was no involuntary omission and that if there was an error it was one of law and not of form.

In our judgment the question was decided by the district court in the proper manner.

Had the appellants proven that the minutes of the court, for example, showed that the court rendered judgment taxing costs, disbursements and counsel's fees, and that the record of judgments showed that costs only were allowed, their right to have the judgment amended so as to make it conform to the judgment actually rendered would be evident.

But such is not the case. The construction put upon the word "costs" by this court in *Veve* v. *Municipality of Fajardo,* 18 P. R. R., 738, is that it includes "fees and disbursements consisting of fixed and unalterable amounts previously specified by laws, regulations or tariffs" and is distinct from the words "disbursements" and "professional fees," it having been decided further in said case that a party against whom only "costs" have been taxed is not compelled to pay disbursements and attorney's fees.

This being the case, no effort is required to reach the con-

clusion that the amendment desired by the defendants would impose a new obligation upon the plaintiffs, that of paying the disbursements and counsel's fees which were not taxed against them in the judgment rendered by the court and entered by the secretary, and, consequently, that inasmuch as the amendment desired is to change substantially the judgment rendered, it cannot be decreed after the term in which said judgment was rendered.

The fact that the intention of the court was to tax costs, disbursements and attorney's fees does not change the nature of the case. It is not sufficient to have the intention, but it is necessary that the intention be converted into positive acts in order that said acts may be taken subsequently as grounds for the amendments. The error of the court was, as admitted by itself, an error of law, and such errors cannot be corrected in the manner requested by the appellants after the term has expired.

The appeal is dismissed and the judgment affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and Aldrey concurred.