# A. W. Askins, Administrator, Appellee, v. Homer Hott et al., Appellants.

1. INFANTS, § 25*—*authority to stipulate for.* No person has any authority to stipulate in behalf of a minor.

2. STIPULATIONS, § 2*—*right to stipulate as to jurisdiction.* A stipulation for the hearing of a petition by an administrator to sell real estate to pay debts in the Circuit Court, without a previous hearing in the County Court, *held* to be of doubtful efficacy.

3. APPEAL AND ERROR, § 1712*—*when unargued assignments of error waived.* An assignment of error relating to the jurisdiction of the trial court may not be considered when such question is not argued.

4. EXECUTORS AND ADMINISTRATORS, § 380*—*right of heirs to contest validity of allowed claims.* On petition by an administrator to sell real estate to pay claims allowed the estate of a deceased person, the heirs may contest the validity of any claim that has been allowed.

5. BILLS AND NOTES, § 298*—*when giving of new note in lieu of old one operates as payment.* Evidence *held* to show that the giving of a new note by a husband in lieu of one previously given by the husband and wife constituted payment of the old note, where it appeared the old note was stamped paid, that the new note contained indorsements as to the payment of interest and that the holder had recovered a judgment on the new note and attempted to collect it by execution and creditor's bill.

6. COSTS, § 77*—*when taxable against creditor of estate.* Where an appeal from an order of the Circuit Court resulted from a wrongful allowance of a claim of a creditor against the estate of a deceased person, and the creditor was made a party to the proceeding, the costs of the appeal may be taxed against the creditor.

Appeal from the Circuit Court of Shelby county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the April term, 1914. Reversed and remanded with directions. Opinion filed July 2, 1914.

**Statement by the Court.** A. W. Askins, administrator of the estate of Mary Isabelle Hott, deceased, filed a petition in the County Court of Shelby county, on November 16, 1912, for an order to sell real estate to pay debts.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The petition alleges that Mary Isabelle Hott died at Findlay, Illinois, in December, 1906; that petitioner was appointed administrator of the estate of the deceased July 8, 1908; that the deceased left no personal estate; that claims had been presented and allowed against the estate amounting, without interest, to $2,458.67 in favor of the First National Bank of Findlay and A. W. Askins, and estimates that the costs of closing up the estate exclusive of attorney's fees will be $40. It alleges that the deceased was the owner of certain described real estate; that the said deceased left surviving her Homer Hott, her husband, having a dower interest in said real estate, and Eugene Hott, a minor child, the said Eugene Hott being under the age of fourteen years, and that the said Homer Hott had been appointed and had qualified as guardian for said minor, whereof in consideration of the premises petitioner prays that the court may appoint some discreet person as guardian *ad litem* for said minor heir, to appear for and defend his interest.

The petition further represents that the First National Bank of Findlay, Illinois and A. W. Askins are the two creditors whose claims have been filed and allowed, and prays that the court will order and direct your petitioner to sell the real estate according to law, or so much thereof as may be necessary to pay the debts of said intestate, and to make such further order herein as to the court may seem meet.

Summons was issued and served on the Bank, Askins, Homer Hott, Homer Hott guardian of Eugene Hott and Eugene Hott.

Thereafter there was filed in the County Court a stipulation in the following words, omitting the title.

"It is hereby stipulated by and between the parties hereto that in the above entitled matter all files relating to a probate of said claim upon the petition to sell land to pay debts, and all orders entered by the County Court in connection therewith and all files and orders entered in the matter of the estate of Mary Isabelle

Hott be certified to the Circuit Court of Shelby county, and that said Circuit Court shall have full power to try all questions of law and fact arising in connection with said petition to sell land to pay debts the same as though said cause had been appealed to said court upon an order either allowing or denying said petition.

Executed this 6th day of January, A. D. 1913.

The First National Bank
  by Richardson & Whitaker, Attys.,
A. W. Askins,
A. W. Askins, Administrator of the estate of Mary I. Hott, Deceased.
  by Richardson & Whitaker,
T. C. Dove.

We hereby agree to the appointment of T. C. Dove, guardian ad litem.

Richardson & Whitaker.''

On January 7th the County Court entered an order certifying the cause to the Circuit Court for trial upon the issues and directing the clerk to transmit to the Circuit Court the original of all files with a transcript of the record.

Homer Hott made no defense and the petition was taken as confessed against him personally and as guardian of the child. The same counsel signed the stipulation for the bank and the petitioner, although they did not file any answer on the part of the bank, and the petition was taken as confessed by the bank.

T. C. Dove was appointed guardian *ad litem* to defend for Eugene Hott on January 6th, and filed an answer in the County Court, which sets up that the claim allowed in favor of the Bank of Findlay for $2,361.67 was on a $2,000 note, on which the deceased was a surety, which had been paid, and sets forth the facts which it alleged constituted the payment. It alleges that the surety was released and that the bank is estopped to claim that the note had not been paid, and that the claim was allowed by collusion between the creditor and the administrator. The answer does not deny that

the claim allowed in favor of Askins, the administrator, in the sum of $57, is not just and offers to pay it.

The Circuit Court upon a hearing of the same entered an order that the real estate described, or sufficient thereof to pay the two claims allowed and costs, be sold to pay the same. The minor appeals from that order.

F. R. DOVE and W. C. & T. M. HEADEN, for appellants.

WHITAKER, WARD & PUGH and E. A. RICHARDSON, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

It is assigned for error that the Circuit Court did not have jurisdiction of this cause. No person has any authority to stipulate in behalf of a minor. The stipulation made is peculiar and of doubtful efficacy, for the reason that an appeal would not lie from the County Court to the Circuit Court. Since, however, nor argument is made concerning the question of jurisdiction this court will not express any opinion on that assignment.

The evidence shows that Mary Isabelle Hott died December 18, 1906, leaving surviving, Homer Hott, her husband, and the child, Eugene Hott, who was less than a month old at the mother's death.

The claim of the Bank of Findlay is based on a note for $2,000 dated February 10, 1906, due six months after date, signed by Homer Hott and Isabelle Hott, the proceeds of which were placed to the credit of Homer Hott, who was a business man in Findlay. The note is stamped across its face, "Paid Aug. 10, '06. 1st Ntl. Bnk." The claim was sworn to by J. E. Dazey, cashier of the bank before C. E. Coventry, who is a notary public and assistant cashier of the bank. Besides this note stamped paid there is attached to the claim what

purports to be a copy of another note of the same date apparently signed by the same makers for $2,000 due on demand. The bank does not claim that it ever had a note for $2,000 due on demand against the Hotts. Coventry, who was a witness for the defendant, testified that the cashier of the bank undertook to make a copy of the note that was due in six months, but made a mistake, and the erroneous copy was attached to the claim. Coventry also testified that on August 10, 1906, Homer Hott went to the bank and paid the interest on the note dated February 10, 1906, and executed and delivered to the bank a new note dated August 10, 1906, for the $2,000 due in six months, and that the original note for $2,000 was stamped paid and surrendered to Hott. On cross-examination he testified that Hott said his wife would come in and sign the new note, but that she did not do so. All these notes are judgment notes. On March 11, 1908, a judgment by confession against Homer Hott was entered in the office of the Circuit clerk for $2,270 on the note dated August 10, 1906. The original note of date August 10, 1906, signed by Homer Hott alone, is attached to the declaration and is indorsed, "Feb. 18, 1907, Interest paid to date." "August 28, 1907, interest paid to date." The day after the judgment was entered against Hott in favor of the bank, an execution was issued on it and returned the same day "no property found." On March 13, 1908, a creditor's bill based on this judgment was filed against Homer Hott and Eugene Hott to set aside a deed executed by Homer Hott to his wife, dated September 17, 1906. The grounds for setting aside the deed, which conveys the same property that it is sought to sell to pay the debts, are that the deed was not delivered in the lifetime of Mary Isabelle Hott; that there was no consideration for it and that it was made for the purpose of defrauding creditors. Homer Hott made no defense against the creditor's bill but relatives of the child undertook to defend for

him. The answer filed by Eugene Hott to the creditor's bill sets up that the land was purchased with the money of Mary Isabelle Hott and that Homer Hott had no interest in the land, but only had the naked legal title, which he had agreed to convey to his wife. The creditor's bill was heard by the court in July, 1908, and a decree was entered dismissing the bill for want of equity.

After the creditor's bill was disposed of, A. W. Askins, who is vice-president of the bank and is the physician who attended Mrs. Hott in her last illness, for which services he has a bill against the estate, was appointed administrator of her estate. The claim of bank against her estate was allowed on the original note dated February 10, 1906, which had been surrendered to Hott, and for which the note dated August 10, 1906, had been given and accepted by the bank and on which it had indorsed interest paid in February and August, 1907, and afterwards entered judgment. It also appears from the evidence that the grandmother of Eugene Hott and the guardian *ad litem,* had offered to pay the claim of Askins for medical services.

When it is sought to sell the real estate of a deceased person the heirs may contest the validity of any claim that has been allowed. The allowance of the claim is only prima facie evidence against the heirs of a debt due from the estate, so far as the realty is concerned. (*Noe v. Moutray,* 170 Ill. 169), and while the giving of one promissory note in lieu of another does not necessarily operate as a payment, the intention or understanding of the parties can be determined either from the express contract of the parties or from the facts and circumstances attending the transaction. *Belleville Sav. Bank v. Bornman,* 124 Ill. 200. Where a subsequent promissory note is given for the same consideration as a former one, it is a question of fact for the determination of the jury whether the former note is thereby satisfied. If the subsequent note was

executed and accepted by the respective parties for that purpose, the satisfaction is complete. *Belleville Sav. Bank v. Bornman, supra; Morrison v. Smith,* 81 Ill. 221; *Jansen v. Grimshaw,* 125 Ill. 468. The Negotiable Instrument Act of 1907, par. 3, sec. 118 (J. & A. ¶ 7758), also provides that negotiable instruments are discharged, ''By the intentional cancellation thereof by the holder.''

The evidence shows very clearly that the bank in August, 1906, took a new note signed by Homer Hott, alone, in payment of the note dated February 10, 1906, stamped the latter note as paid and surrendered it to Homer Hott, the principal maker; that the bank treated the old note as paid for two years after its surrender, that it entered judgment on the new note in March, 1908, issued an execution thereon and prosecuted a creditor's bill to a final decree on that judgment, and that that judgment is still in full force and effect against Homer Hott. The evidence shows clearly and conclusively that the note signed by Mary Isabelle Hott was satisfied and paid by the taking of the note signed by Homer Hott, alone, on August 10, 1906. The evidence of Coventry that Hott said his wife would come in and sign the new note is overcome by the facts that he stamped the old note paid, and delivered it to Hott, that a judgment was entered in favor of the bank on the new note, which it still holds uncanceled, and that an unsuccessful attempt was made to collect that judgment by an execution and a creditor's bill.

It was error to decree the real estate of the deceased to be sold to pay the claim of the bank, but it was proper, for a court having jurisdiction of the parties, to order sufficient thereof sold to pay the claim of Askins unless the money to pay that claim and costs should be paid into court. The judgment is reversed and the cause remanded for further proceedings in conformity with this opinion. This appeal having resulted from the wrongful allowance of the claim in fa-

vor of the bank, and the bank being a party to the proceeding, the costs of this appeal will be taxed against the First National Bank of Findlay.

*Reversed and remanded with directions.*